# Commonwealth *against* Parr.

Upon the trial of a defendant charged with a criminal offence, he may demur to the evidence, but the Commonwealth will not be compelled to join in the demurrer.

In an indictment for fornication and bastardy, the witness testified, " He forced me ; he worked himself under me, and in that way forced me : I did not give my consent." Upon a demurrer to this evidence it was *held*, that it was not such as would merge the offence charged in the crime of rape, but that the defendant might be legally convicted.

WRIT OF ERROR to the Quarter Sessions of *York* county.

The Commonwealth against Rufus Parr. This was an indict- ment for fornication and bastardy, in which the mother of the child thus testified : " Rufus Parr is the father of my child ; it is a girl ; it was at Polly Parr's where the child was begotten, in this county ; it was born there. He forced me ; he worked himself under me, and in that way forced me : I did not give my consent. On the chair he did it to me ; on that chair he penetrated me." To this evidence the defendant demurred, and the Commonwealth joined in the demurrer. The court below was of opinion that the lesser offence charged was merged in the crime of rape, and that the defendant could not be convicted.

*Campbell,* for the Commonwealth, argued, that in an indictment the Commonwealth was not bound to join in a demurrer to evi- dence, but that the true course was for the jury to find the facts specially, upon which the court might render such judgment as they would justify. 1 *Stark. Ev.* 434. But here the case was perfectly made out, and the defendant could not, afterwards, by a cross-examination, make out for himself a higher offence, and merge the effect of the case proved. 7 *Conn. Rep.* 54 ; 16 *Serg. & Rawle* 77 ; 2 *Watts & Serg.* 506 ; 2 *Caines's Rep.* 178.

*Ramsay,* for defendant in error. A writ of error will not lie to review the decision of the Quarter Sessions upon a demurrer, no more than it would to their decision upon the admissibility of evi- dence. 3 *Salk.* 155 ; 2 *Barn. & Cress.* 434 ; 1 *Chit. Crim. Law* 623. But the commission of a felony merges the misdemeanor. 3 *Black. Com.* 119 ; 1 *Russ. on Crimes* 563 ; 1 *Chit. Crim. Law* 816, *note.*

The opinion of the Court was delivered by

KENNEDY, J.—The defendant was indicted under our Act óf Assembly for fornication and bastardy, committed with Rebecca

v. — 44

Trone. On the trial, upon an issue joined on the plea of not guilty, the defendant, after the Commonwealth had given all her evidence to support the issue on her part, demurred thereto, and the counsel for the Commonwealth joined in the demurrer; upon which the court discharged the jury, and, after hearing the counsel on both sides, rendered a judgment in favour of the defendant. It was no doubt competent for the defendant to demur, as he did, to the evidence; but it was not in his power to compel the Commonwealth to join in the demurrer. Her counsel might have exercised his own discretion in this respect, and joined or not as he pleased. *Baker's Case,* (5 Co. 204); *S. C. Cro. Eliz.* 753. In cases, however, where the Commonwealth is not a party, the law is different. There, if a matter of *record* or other matter in *writing* be offered in evidence in support of an issue joined between the parties, the adverse party may insist upon the jury being discharged from giving a verdict, by demurring to the evidence, and obliging the party offering the evidence to join in the demurrer. The latter cannot refuse to join in demurrer; he must join, or waive the evidence. So if the evidence given be *parol* and *certain,* he must join in the demurrer, because there cannot be any variance in it more than there can in that which is in writing, which seems to be the reason given in *Baker's Case,* for the party, who has given the evidence, being obliged to join in the demurrer. *Cro. Eliz.* 753; *Gibson* v. *Hunter,* (2 *H. Bl. Rep.* 206). But where the parol evidence offered is loose and indeterminate or circumstantial, the party offering it is not bound to join in a demurrer to it, unless the party who demurs will first admit the evidence of the fact to be true, where the evidence offered to prove the fact is loose and indeterminate, or will admit the existence of the fact itself, where the evidence offered to prove it is circumstantial. *Gibson* v. *Hunter,* (2 *H. Bl. Rep.* 206–7), and *Baker's Case* before cited. From these authorities it will also be seen that the court may, if they think fit, overrule the demurrer at once, and direct that the evidence shall be submitted to the jury for them to pass on the fact. In the case, however, under consideration, the court sanctioned the demurrer, and the Commonwealth joined in it, without any distinct admission being required from the defendant to be placed on the record of the fact, which the evidence demurred to conduced to prove.

This would seem to make it proper to inquire, first, whether the evidence given was sufficiently certain in and of itself to enable the court to discharge the jury, and to render a judgment, either for the plaintiff or the defendant, without the intervention of the jury. We are inclined to think that the evidence was not altogether so loose and indeterminate as to make it necessary to require from the defendant any admission of the truth of the evidence, or of the fact which it tended to prove, other than is implied in his demurrer, to enable the court, without the aid of the jury, to pass upon the guilt or innocence of the defendant in respect to the

charge contained against him in the indictment. But we are clearly of opinion that the court put an erroneous construction upon the evidence. It seems that they considered it as necessarily going to show that the defendant had not committed the crime of fornication, which is at most only a misdemeanor, but had actually perpetrated the crime of rape, which, being a felony, is a much higher offence; and therefore that he could not be convicted of the former, which was all that was charged in the indictment. Now, unless this was the only possible view that could be taken of the evidence, we think that the court below erred. It is true that the prosecutrix in her cross-examination says, " He (meaning the defendant) *forced* me." But immediately, in connection therewith, she explains this by saying, " He *worked himself under me,* and in *that way* forced me. I did not give my consent. On the chair he did it to me. On that chair he penetrated me." She does not testify that she made even the least effort to prevent him, nor that he in any way rendered her incapable to do so; she merely says that she did not give her consent, plainly meaning her *express* consent. Beside, it appeared that she never made any complaint against him until several months after the thing occurred, when she discovered that she was pregnant and likely to have a child by him. Then, in order to secure an indemnity for her lying-in expenses, and a support for the child, she made complaint to a justice of the peace against him. Under such circumstances, it would not only be contrary to the obvious meaning of all that she intended to testify against him, but to every principle of humanity, to say that her evidence tended at all, and much less necessarily, to prove a rape against him.

But, even if it were doubtful in the slightest degree, from the evidence, whether he had committed a rape or only fornication, on an indictment against him for the latter it would most clearly be the duty of a jury, if called on to determine the fact, to find him guilty of the fornication charged. And if the court be called on to determine the question, without a jury, why should not they decide in the same way? No good reason, I apprehend, can be given why they should not; but, on the contrary, according to the principle laid down in *Cocksedge* v. *Fanshaw,* (*Doug.* 119), " that, on a demurrer to evidence, every fact which the jury could infer in favour of the party offering it, from the evidence demurred to, was to be considered as admitted," the Commonwealth had a right to demand a judgment of the court in her favour against the defendant, seeing he was, according to the principle just mentioned, to be considered as having admitted every fact in favour of the Commonwealth, which the jury could have inferred from the evidence demurred to. And that the jury, if they should have believed the evidence, would have found the defendant guilty of fornication and bastardy, as charged in the indictment, and could not have found him guilty of a rape, supposing he had been charged with it instead of fornica-

tion, cannot, I think, admit of any reasonable doubt. The evidence, though *parol,* yet being *certain,* as we think, that the defendant was guilty of fornication and bastardy, as charged in the indictment, the judgment of the court below is therefore reversed, and a judgment rendered by this court against the defendant in favour of the Commonwealth, and the record remitted that the court below may proceed to pass sentence on the defendant, and to make the usual order upon him to reimburse and compensate the prosecutrix for her loss of time, and the expenses occasioned by the birth and support of the child, as also for its future support, and to indemnify the proper township against its becoming chargeable with the support thereof.

Judgment reversed.