## THE PEOPLE *vs.* GERMAN ROUSE.

A person guilty of adultery may be convicted of fornication, where the information is for fornication, as adultery embraces fornication. And where a person is charged with adultery he may be convicted of fornication.

Upon a trial on an information for incest, where the proof tended to show that the intercourse was forcible and against the will of the complaining witness with whom the intercourse was had, *Held,* that the accused might be convicted of incest, even if the jury should find that the force used was such as under the circumstances, to amount to rape.

*Allegan Circuit, August,* 1871.

The facts in this case sufficiently appear in the charge of the Court.

*A. H. Fenn,* for The People; *M. D. Wilbur,* of counsel.

*John W. Stone* and *Silas Stafford,* for Respondent.

*Charge of the Court,* BROWN, J.—*Gentlemen of the Jury:*—
The information filed in this case alleges that " German Rouse, late of the township of Leighton, in the county of Allegan, on the

nrst day of May, A. D. 1870, at the township of Leighton, in said county of Allegan, did commit fornication with one Ida Rouse, by having carnal knowledge of the body of her, the said Ida Rouse, she, the said Ida Rouse, being then and there the daughter of Elliot Rouse, the brother of the said German Rouse, and the niece of the said German Rouse."

The statute under which this information is filed, § 5870, C. L., is as follows:

" All persons being within the degree of consanguinity within which marriages are prohibited, or declared by law to be incestuous and void, who shall intermarry with each other, or who shall commit adultery or fornication with each other, shall be punished by imprisonment in the State Prison not more than fifteen years, or in the county jail not more than one year." This statute includes those cases where the parties sustain the relation of uncle and niece; where the intercourse is between a man and his brother's daughter.

In order to warrant a conviction of the respondent, it is incumbent on the people to prove, beyond a reasonable doubt—to prove to your entire satisfaction (you giving the respondent the benefit of any and all reasoable doubts:)

1. That the respondent did commit fornication with Ida Rouse.

2. That Ida Rouse is, as claimed by the prosecution, the daughter of respondent's brother.

By fornication, is meant illicit carnal connection; unlawful sexual intercourse. This unlawful intercourse, unaccompanied by any circumstances which tend to aggravate it, is simple fornication; and when as the result of such fornication a child is born, it is called bastardy. If a man who is married is guilty of unlawful sexual intercourse, we call it adultery in him. When the act is between parties sustaining relations to each other within certain degrees of consanguinity or affinity, we call it incest. Where the female consents to unlawful intercourse through fraudulent acts, including a promise of marriage, we call it seduction. In each case the essential fact which constitutes the crime is fornication. *Wharton's Cr. L.*, p. 975, § 2669, note d. So that to warrant a conviction for adultery, fornication must be proved. If in a prosecution for adultery the prosecutor fails to show the marriage, but shows the fornication, the accused may be convicted of fornication. In short, every adul-

tery embraces fornication, and is only called by a different name to indicate that not only the offence of unlawful carnal intercourse was committed, but that the sacred obligation of the marital relation has been violated.

I therefore advise you that the fact that the respondent is shown to have been a married man at the time of the alleged offence, is no bar to a conviction for fornication; and if guilty of fornication with his niece he is guilty of incest.

Counsel for the respondent contend that if the evidence in this case satisfies you that the alleged intercourse between the respondent and the complaining witness was forcible and against the will of the complaining witness, the crime of the respondent would be rape and not fornication. This question is not, perhaps, entirely free from doubt; and I approach the consideration of the question thus presented with some misgivings. It has been held in an indictment for fornication and bastardy that the testimony of the prosecuting witness that the accused forced her, worked himself under her, and in that way forced her, and that she did not give her consent, was not such as to merge the offence charged in the crime of rape, but that the defendant might be legally convicted of fornication. *Com. vs. Parr*, 5 *Watts & Serg.*, 345. In New York, it has been held that consent is essential to the crime, and that if the connection is accomplished by force, the crime is rape and not incest. *People vs. Harriden*, 1 *Park.*, 344. But there can be no such thing as rape without carnal knowledge—without a *penetration of the female.* It is true that the essence of the crime is not the fact of intercourse but the injury and outrage to the modesty and feelings of the woman, by means of the carnal knowledge effected by force. And still, as the carnal knowledge in such case is voluntary and unlawful on the part of the man, it would seem to come within the definition of fornication; and it seems to me that rape is but fornication aggravated by the force employed in accomplishing the act, against the will of the person upon whom the offence is committed.