**PINCUS et al. v. UNITED STATES.**

Circuit Court of Appeals, Third Circuit.
August 13, 1929.

No. 3999.

Henry W. Braude and Aaron W. White, both of Philadelphia, Pa., for appellants.

George W. Coles, U. S. Atty., and Elmer C. Pfeiffer, Asst. U. S. Atty., both of Philadelphia, Pa.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below, the appellants were convicted

and sentenced on an indictment charging them with concealing their assets from the trustee in bankruptcy. On the trial, the judge, in explaining a crime of that general character, said: "The law says that one circumstance upon which such a verdict may be founded is the fact that the bankrupt shortly before his bankruptcy was shown to be in possession of large sums of money and that subsequently the trustee did not receive any money at all, and the absence of any reasonable explanation of what happened to the money."

■ Substantiating such contention, the government showed that large quantities of furniture of the bankrupt estate had been found in the possession of one Rosenfeld, and that, on a proceeding brought by the trustee to reclaim the same, Blaustein had testified that, shortly before bankruptcy he had sold the same and received in payment therefor checks to the amount of $19,000, and had turned over the proceeds thereof to the firm's bookkeeper. No entry of such amount was shown in the books, no use of the money by the firm, and the cash turned over to the trustee was $15.35. As a part of its proof, the government gave in evidence the record of Blaustein's testimony on the reclamation proceeding. That record showed that Blaustein, when first asked what he did with the money received from Rosenfeld, declined to answer on the ground it would incriminate him, but subsequently he voluntarily proceeded to give the explanation above stated, namely that he had turned the proceeds of the checks over to the firm's bookkeeper. Was the court in error in receiving such testimony? We think not. The testimony and Blaustein's statements therein were of his own making, and their effect in the reclamation proceeding tended to validate the bona fides of the sale to Rosenfeld by the fact that the money for the furniture was paid by him and received and retained by the vendor firm. The fact that Blaustein at first refused to answer on the ground he would incriminate himself, but thereafter voluntarily proceeded to tell what he did with the money, simply left the record such that it showed no incrimination, but, on the contrary, that the money was received from Rosenfeld in due course and was thereafter turned over to the bookkeeper. We find no error in the court receiving the record as it stood to show that on the date of the transaction the firm had some $19,000 in cash.

■ To show further assets, the court received the testimony of an accountant who, using a credit statement of the firm as a starting point, testified the firm's books showed a shrinking of the assets of the firm between the date of the statement and the bankruptcy of some $66,000. His testimony was simply a compilation of figures from an accountant's standpoint. Referring to this proof, the court said: "A word as to testimony about the books. Mr. Drob is an expert, is a public accountant, but his testimony was not opinion testimony. He was not called in technically to give his opinion. What he testified to was actual mathematical testimony. If there is anything incorrect about Mr. Drob's summaries or analyses or calculations, defendant is in a position to show that, and so far as this case appears there is nothing here to show that Mr. Drob's mathematical calculations are not correct. It is all here before us. Anyone can check up and see if Mr. Drob's statements are correct or not correct." It is contended that this language called the jury's attention to the fact that the defendants did not go on the stand. We cannot so regard it. The jury's attention was called to the fact that this was an accountant's summary or analysis of bookkeeping figures, and no accountant made any other summary or challenged the accuracy of the figures.

Finding no error in the record, the judgment below is affirmed.