## Commonwealth v. Bruno

*Stewart Nace*, district attorney, and *Frederick B. Smillie*, assistant district attorney, for Commonwealth.

*Robert T. Potts*, for defendant.

KNIGHT, P. J., May 18, 1934.—The defendant was convicted on a bill charging him with larceny, and has filed this motion in arrest of judgment. After the Commonwealth had closed the evidence and rested, counsel for the defendant

demurred to the Commonwealth's evidence. The assistant district attorney in charge of the case refused to join in the demurrer. During the discussion that took place between the court and counsel after the demurrer had been entered, the trial judge told the assistant district attorney that on the evidence then before him a verdict of "Not guilty" as to the defendant would be directed. The assistant district attorney then moved to open the case. The motion was opposed but was allowed by the court, and one additional witness was heard on behalf of the Commonwealth. There can be no doubt that it was the testimony of this witness that convicted the defendant, because without this testimony the Commonwealth had not made out a case.

Counsel for the defendant now argues that it was error for the trial judge to permit the Commonwealth to reopen the case after the demurrer had been entered to the Commonwealth's evidence.

The law is well settled that unless the Commonwealth joins in a demurrer the case must be submitted to the jury: Commonwealth v. Parr, 5 W. & S. 345; Commonwealth v. Smith, 97 Pa. Superior Ct. 157. When the assistant district attorney refused to join in the demurrer, it became the duty of the trial judge to submit the case to the jury. and the demurrer, as an element to be considered, dropped out. The case then turned on the right of the trial judge to permit the assistant district attorney to reopen his case.

The trial judge has the right to change the order of testimony, and to allow the Commonwealth to open its case after it has closed it: Commonwealth v. Schaeffer, 3 Leh. L. J. 314.

In Commonwealth v. Biddle, 200 Pa. 640, 646, the court says:

"The seventh assignment complains that the court, after the commonwealth had closed her case, permitted it to be opened and the record of Dorman's plea of guilty to be offered in evidence. This was in the discretion of the court; unless this discretion was arbitrarily exercised or abused we will not interfere."

Counsel for the defendant cites Commonwealth v. Parr, supra, as authority for the statement contained in his brief that the Commonwealth need not join in the demurrer. As we read that case, it does not hold that it is unnecessary for the Commonwealth to join in the demurrer, but that the Commonwealth cannot be compelled to join, and if it so refuses the case must go to the jury.

Counsel cites the case of Commonwealth v. Smith, supra. This case can easily be distinguished from the case at bar, because in the Smith case the Commonwealth concurred and joined in the demurrer.

Counsel for the defendant did not request a stenographer until after the Commonwealth had closed its case and he had demurred to the evidence. A stenographer was then called, and the motion to reopen the case and the ruling of the court thereon was reported and is part of the record. The stenographer, however, did not report the charge of the court .to the jury, and this omission is complained of by counsel for the defendant. Since this is a motion in arrest of judgment, the charge of the court is immaterial to the question before us.

And now, May 18, 1934, the motion in arrest of judgment is overruled, and the defendant is directed to appear on Friday, May 25, 1934, at 9 a. m., in courtroom "A", to receive the sentence of the court.

From Aaron S. Swartz, Jr., Norristown, Pa.