**TATCHER v. UNITED STATES.**
**No. 7023.**

Circuit Court of Appeals, Third Circuit.

Nov. 7, 1939.

Wm. N. Nitzberg, of Philadelphia, Pa., for appellant.

J. Cullen Ganey, U. S. Atty., and James P. McCormick, Asst. U. S. Atty., both of Philadelphia, Pa., for appellee.

Before BIGGS, MARIS, and CLARK, Circuit Judges.

MARIS, Circuit Judge.

Ernest Tatcher has appealed from his conviction in the District Court for the Eastern District of Pennsylvania upon a charge of concealing property of a bankrupt estate from the trustee. Tatcher and his partner, Raymond W. Blank, trading as Keystone Plate Glass Company, were adjudicated bankrupts September 9, 1936. Thereafter the partners were jointly indicted, charged with concealing property of the bankrupt estate from the trustee. At the close of the Government's case the appellant demurred to the evidence. The demurrer was overruled, a subsequent motion in arrest of judgment was denied, and the district court ordered the appellant to be imprisoned for the period of six months.

By his demurrer to the evidence the appellant waived all objections to the admissibility of the evidence and admitted all the facts which the evidence tended to prove as well as all inferences reasonably deducible therefrom. Com. of Pennsylvania v. Smith et al., 97 Pa.Super. 157; Com. of Pennsylvania v. Kolsky, 100 Pa.Super. 596. The sole remaining inquiry was whether the evidence and the proper inferences therefrom would support a verdict of guilty. Com. of Pennsylvania v. Smith et al., supra.

The Government relied upon the testimony of two accountants who had examined the books of the partnership. They testified that the books indicated that the firm had on hand on January 1, 1936 merchandise inventoried at cost at $5,880.96; that purchases of merchandise thereafter totalled slightly more than $16,000, making about $21,900 in all; that the gross sales for the same period totalled slightly more than $9,000. The merchandise on hand in September 1936 was valued by the bankruptcy appraisers at $286. The Government contends that these figures establish a discrepancy in the merchandise account of over $12,000, which, it says, must necessarily represent merchandise which the bankrupts had on hand at the time of bankruptcy but concealed from the trustee. All that the Government proved by this evidence, however, was that the proceeds of the sale of merchandise in 1936 plus the merchandise delivered to the trustee were less than the cost of the merchandise which the firm had on hand during that year. There was no evidence as to the cost of the merchandise sold or as to how much of it was sold.

The Government's evidence did not exclude the possibility that the bankrupts sold all their merchandise at a fraction of its cost and that there was no actual shortage in merchandise at all. Had there been testimony as to the cost of the merchandise sold the court would have had evidence which would have enabled it to subtract the cost of the goods sold from the cost of the goods purchased and on hand and thus determine what portion of the merchandise originally in the possession of the bankrupts should have been on hand at the time of bankruptcy. In the absence of such evidence, however, and of any other evidence of concealment, the Government failed to establish a prima facie case. In re A. H. Kaplan, Inc., D.C., 9 F.Supp. 984, affirmed

Einhorn v. Kaplan, 3 Cir., 75 F.2d 763. It follows that the judgment of the district court must be reversed.

■ The question remains as to whether the district court should be directed to adjudge the appellant not guilty or to order a new trial. The common law of Pennsylvania requires that if the defendant demurs to the evidence and the demurrer is joined in by the Government (Com. v. Parr, 5 Watts & S., Pa., 345), it is the duty of the court to discharge the jury and itself to determine the guilt or innocence of the demurrant upon the evidence presented by the Government. Upon appeal it is the duty of the appellate court to direct the entry of the judgment warranted by the evidence in the court below. Com. v. Smith et al, supra.

In the present case it appears that the district court did not follow the procedure which is required by the applicable law. The record does not show that the Government joined in the demurrer. Nor does it appear that the jury was discharged. On the contrary the record shows that after the demurrer was presented by counsel for the appellant on January 30th the district judge excused the jury until the following morning when, according to the docket entries of the district court, the trial was resumed. Apparently a recess was taken from January 31st to February 2nd and on the latter day the district judge overruled the demurrer, denied a motion in arrest of judgment and entered a judgment ordering the appellant to be committed for imprisonment for the period of six months.

■■ What part the jury took in the proceedings appears only from the formal judgment which the district court entered which recites the fact of "The defendant having been convicted on a verdict of Guilty of the offense charged in the indictment." We are compelled to conclude that the district judge treated the demurrer as a motion for a directed verdict, since, although he overruled the demurrer, he failed to perform his duty of formally adjudging the guilt of the appellant and instead received from the jury a verdict of guilty which was not fully recorded. Therefore, we may not treat the judgment appealed from as entered upon an adjudication of guilt by the court upon the demurrer, but must consider it as entered, as it states, upon the verdict of the jury. It follows that we are without power to order the district court to adjudge the appellant not guilty but must direct a new trial to be had.

The judgment is reversed and the cause is remanded to the district court with directions to order a new trial.