## UNITED STATES v. POKRASS.

### No. 7948.

District Court, E. D. Pennsylvania.

April 4, 1940.

Frank J. Bradley, Asst. U. S. Atty., of Norristown, Pa., and J. Cullen Ganey, U. S. Atty., of Philadelphia, Pa., for plaintiff.

Harry Balis and Joseph Gross, both of Philadelphia, Pa., for defendant.

BARD, District Judge.

Albert Pokrass was adjudicated a bankrupt and later was indicted upon a charge of concealing assets of the bankrupt estate[1] from the receivers and the trustee.

The defendant waived trial by jury and submitted the same for hearing and decision by the Court without the intervention of a jury. At the close of the Government's case the defendant demurred to the evidence. The Government joined in the demurrer.

### Findings of Fact

1. Albert Pokrass was engaged in the retail business of selling men's clothing at 934 South Street, Philadelphia, Pennsylvania.

2. From September 1 to December 17, 1936 he deposited in the bank the sum of $3,200.83. Of this sum $902.63 represented two checks from the Prudential Insurance Company of America.

3. The defendant was adjudicated a bankrupt on December 18, 1936.

4. George J. Cherry and William Eastwood were appointed co-receivers and afterwards George J. Cherry was elected trustee in bankruptcy.

5. Immediately after bankruptcy the receivers went to the defendant's store and the premises were bare of new merchandise.

6. The inventory filed by the receivers appraised the old merchandise on the premises at $314.40, and $300 was realized from the sale.

7. Invoices handed by the bankrupt's attorney to the Receiver Cherry indicated that from September 1 to December 17, 1936, the defendant bought merchandise on credit amounting to $10,870.58.

8. Schedules filed by the bankrupt showed unsecured creditors totaling $10,946.66.

9. Proofs of claim filed by unsecured creditors agree with the schedules filed with the exception of one claim.

10. None of the merchandise found in the store by the receiver compared with merchandise specified in the invoices.

### Discussion.

The evidence produced by the Government establishes a wide discrepancy between the cost of merchandise purchased and the amount of money deposited in the bank by the defendant plus the small amount of old merchandise. The circumstances point with suspicion to the conduct of the defendant relative to the manner in which he disposed of his merchandise. The evidence falls far short, however, of establishing the guilt of the defendant under the law.

There was no evidence as to the cost of the merchandise sold or as to how much of it was sold. The Circuit Court of Appeals of this Circuit in the case of Tatcher v. United States of America, 107 F.2d 316, 317, said: "The Government's evidence did not exclude the possibility that the bankrupts sold all their merchandise at a fraction of its cost and that there was no actual shortage in merchandise at all. Had there been testimony as to the cost of the merchandise sold the court would have had evidence which would have enabled it to subtract the cost of the goods sold from the cost of the goods purchased and on hand and thus determine what portion of the merchandise originally in the possession of the bankrupts should have been on hand at the time of bankruptcy. In the absence of such evidence, however, and of any other evidence of concealment, the Government failed to establish a prima facie case. In re

---

[1] Title 11, § 52, U.S.C.A., Act July 1, 1898, c. 541, § 29, 30 Stat. 554.

Kaplan, Inc., D.C., 9 F.Supp. 984, affirmed, Einhorn v. Kaplan, 3 Cir., 75 F.2d 763."

In the instant case I do not think the Government proved as much as it did in the Tatcher case.

### Conclusion of Law

1. The evidence produced by the Government is insufficient to find the defendant guilty of the offense charged.

### Judgment

And now, it is ordered and adjudged that the defendant's demurrer to the evidence be sustained and that the defendant, Albert Pokrass, is not guilty of the offense for which he stands indicted.