## UNITED STATES v. TATCHER.

### No. 8018.

Circuit Court of Appeals, Third Circuit.

Argued Oct. 5, 1942.

Decided Dec. 4, 1942.

William N. Nitzberg, of Philadelphia, Pa., for appellant.

James P. McCormick, of Philadelphia, Pa. (Gerald A. Gleeson, U. S. Atty., of Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, MARIS and JONES, Circuit Judges.

MARIS, Circuit Judge.

Ernest Tatcher was charged by indictment with having concealed assets of the bankrupt estate of his partnership from the trustee in bankruptcy on October 19, 1936, this being a criminal offense under Section 29, sub. b(1) of the Bankruptcy Act, as amended, 11 U.S.C.A. § 52, sub. b(1). We reversed the judgment of guilty entered against the defendant upon his first trial and remanded the cause for a new trial, 3 Cir., 107 F.2d 316. Upon his second trial the defendant demurred to the evidence, the government joined in the demurrer, the court discharged the jury, overruled the demurrer, found the defendant guilty, dismissed a motion in arrest of judgment and sentenced the defendant to imprisonment for six months. 43 F.Supp. 659. The defendant has again appealed. One of his contentions is that the trial judge erred in overruling his demurrer to the evidence offered by the government. We are, therefore, called upon to determine whether the government made out a prima facie case. We summarize the evidence produced by the government.

On August 17, 1936, an involuntary petition in bankruptcy was filed against the partnership of which the defendant was a partner. A receiver was appointed September 2, 1936. On September 8, 1936, the receiver entered upon the business premises of the partnership and found assets thereon later sold for $286. On September 9, 1936, the parties were adjudicated bankrupts and on October 19, 1936, a trustee in bankruptcy was appointed. The books of the partnership disclosed that on January 1, 1936, the bankrupts had merchandise on hand inventoried at $5,880.96. From January to the end of May of that year the bankrupts made purchases of merchandise amounting to $16,062.47. During the same period they sold merchandise for $9,039.37. The business of the bankrupts was continued to the date of the filing of the petition. The sales were made generally at a profit and never below cost. The partnership paid a salary to one of the partners and the expenses of his car. Merchandise estimated at $236 was stolen by some of the employees and glass valued at $1,000 was broken.

From the foregoing evidence it may be concluded that as of June 1, 1936, the bankrupts had on hand at least $12,904.06 worth of merchandise, valued at cost, and that in the period between June 1, 1936 and September 8, 1936, the bankrupts in some manner disposed of at least $12,618.06 worth of merchandise, since merchandise worth but $286 was found on the premises by the receiver on the latter date. The government urges that the same evidence would support the conclusion that the defendant concealed $12,618.06 of merchandise from the trustee. We think not.

A period of two and one half months elapsed between the date of the last entries in the bankrupts' business records produced by the government and the date upon which the petition was filed and the business was actually terminated. The evidence indicates that during that period some merchandise was stolen, some broken and some sold. As to how much of the $12,904.06 of the merchandise on hand June 1, 1936 was sold during the months of June and July and the first 17 days of August we can but speculate. It would be equally consistent with the evidence to infer that all the merchandise not stolen, broken or found on the premises was sold and the proceeds used to pay the business and personal expenses of the defendant and his partner as to infer that all or any part of that merchandise was concealed by the defendant. To justify conviction of crime where the evidence relied upon is circumstantial in nature the evidence must be such as to exclude every reasonable hypothesis but that of guilt. United States v. Russo, 3 Cir., 1941, 123 F.2d 420. As we have seen, the evidence relied upon to sustain the defendant's conviction is as consistent with his innocence as with his guilt. We conclude that the evidence did not sustain the charge of concealment of the assets of the bankrupt estate from the trustee in bankruptcy on October 19, 1936.

There are numerous decisions by this and other courts to the effect that evidence from which an inference may fairly be drawn that just prior to bankruptcy the bankrupt had assets which immediately after bankruptcy were missing is sufficient to support a verdict of guilty upon a charge of fraudulent concealment.[1] None of the cited cases is authority for the position taken by the government in this case that evidence supporting an inference that two and one half months prior to the filing of an involuntary petition in bankruptcy the bankrupt had assets which were unaccounted for after bankruptcy is sufficient to take the case to the jury. It follows that the court should have sustained the defendant's demurrer to the evidence.

At common law if the government joined in the defendant's demurrer to the evidence and it appeared that the evidence presented by the government was insufficient to sustain the charge of the indictment it was the duty of the trial judge to sustain the demurrer and discharge the defendant. See Commonwealth v. Marino, 1940, 142 Pa.Super. 327, 330, 16 A.2d 314. Upon appeal it is the duty of the appellate court to direct the entry of the judgment warranted by the evidence in the court below. See Commonwealth v. Spohn, 1928, 95 Pa. Super. 261; Commonwealth v. Smith, 1929, 97 Pa.Super. 157, 161. While the common law practice in criminal cases need not be followed by the federal courts unless it appeals to them as being in line with general

---

[1] Stern v. United States, 3 Cir., 1912, 193 F. 888; Frieden v. United States, 4 Cir., 1925, 5 F.2d 556; Arine v. United States, 9 Cir., 1926, 10 F.2d 778; Pincus v. United States, 3 Cir., 1929, 34 F. 2d 282; Cohen v. United States, 4 Cir., 1933, 67 F.2d 449.

authority and sound reason,[2] we see no reason to decline to follow that practice on demurrers to the evidence. Judicial criticism of the procedure is based almost wholly on the proposition that it tends to eliminate the function of the jury.[3] In the federal courts, however, waiver of jury trial by the defendant is not only permitted[4] but indeed encouraged.[5]

The judgment is reversed and the cause is remanded with directions to discharge the defendant.

[2] United States v. Montgomery, 3 Cir., 1942, 126 F.2d 151.

[3] Arnold v. State, Ala.App.1941, 2 So. 2d 316; State v. Moody, 1909, 150 N. C. 847, 64 S.E. 431.

[4] Patton v. United States, 1929, 281 U. S. 276, 50 S.Ct. 253, 74 L.Ed. 854, 70 A.L.R. 263.

[5] Report to the Judicial Conference of the Committee on Selection of Jurors— September, 1942, Recommendation XXI, p. 11.