STATE OF IOWA, Appellee, v. FRED CRAYTON, Appellant.

**Trial:** REOPENING CASE: DISCRETION. Reopening a case for further
1 testimony is largely a matter within the discretion of the trial
court, and in the absence of an abuse of such discretion a reversal
will not be ordered for a refusal to do so.

**Murder in second degree:** EVIDENCE: SENTENCE. Where the jury
2 was justified in finding from the evidence that defendant, charged
with murder, had had several altercations with deceased which
had been settled, that defendant shot deceased from a window
while passing his house along a footpath leading to a neighbor's,
immediately came out of the house while deceased was trying to
get away and snapped his gun at him again, remarking at about the
same time "I got him," a verdict of murder in the second degree
was justified, and a sentence of fifteen years in the penitentiary
was not excessive.

*Appeal from Monroe District Court.*— HON. F. W. EICHEL-
BERGER, Judge.

THURSDAY, JUNE 4, 1908.

DEFENDANT was indicted for the crime of murder in
the first degree. Upon trial, he was convicted of murder
in the second degree, and was sentenced to the penitentiary
for the term of fifteen years. He appeals.— *Affirmed.*

*Woodson & Brown,* for appellant.

*H. W. Byers,* Attorney General, and *Chas. W. Lyon,*
Assistant Attorney General, for the State.

DEEMER, J.— The principal points relied upon for a
reversal are errors in the introduction of the testimony,
misconduct of one of the attorneys for the State, refusal
of the court to open up the case for the receipt of additional
testimony, insufficiency of the testimony to support the

verdict, and an excessive sentence. Of these in their order. The record does not disclose any such errors as defendant complains of in argument regarding the introduction of testimony in his behalf.

I. What the attorney said in his argument for the State was in answer to the argument of defendant's counsel regarding the deceased, and was within the limits of his privilege.

II. During the argument of the case the defendant's counsel asked permission of the court to reopen the case for the introduction of further testimony. This request grew out of a controversy between counsel as to what testimony a witness had given. The trial court found that there was no ground for reopening the case. Defendant's counsel claimed that he did not offer the testimony because of a statement made to him by the attorney for the State. This attorney denied making the statement, and the court did not remember of any such statement having been made. The matter of reopening a case is within the sound discretion of the trial court, and a case will not be reversed for failure to grant it unless it appears that the trial court abused its discretion. *State v. Burk,* 88 Iowa, 661. That does not appear here; hence there was no error in the ruling.

1. TRIAL: reopening case: discretion.

III. There was testimony tending to show that prior to the killing defendant and the deceased had had several altercations, but that these matters were settled, and that each had remarked that there was nothing more between them. They lived not far apart. A path from the house of the deceased led past defendant's house some ten or twelve feet distant therefrom. On the day of the shooting deceased went to a neighbor's house, and, as was usual with him, he followed this path. On his return from this neighbor's, he followed the same path, and while in the path and directly opposite defendant's house defendant shot a shotgun

2. MURDER IN SECOND DEGREE evidence: sentence.

loaded with buckshot through a window of his house at the deceased, the load striking him in the side and breast, resulting in his death. After firing the shot defendant came out of his house, saw the decedent, who was trying to get away, pointed the gun at him, and snapped it a second time. Defendant also remarked to some witnesses at or about the same time, "I got him." He then went into the house and got his hat, and was not seen until the next day, when he was arrested. Of course, the defendant had another version of the affair, but it was for the jury to find the truth of the matter, and it evidently concluded that the above were the substantial facts. Upon this record it is clear that the verdict has sufficient support in the testimony.

IV. We need only add in view of this testimony that the sentence is not excessive.

No prejudicial error appears; and the judgment must be and it is *affirmed*.