## HARROD v. UNITED STATES.

Court of Appeals of the District of Columbia.

Submitted October 1, 1928. Decided November 5, 1928.

No. 4759.

Bertrand Emerson, of Washington, D. C., for appellant.

Leo A. Rover and John W. Fihelly, both of Washington, .D. C., for the United States.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. The appellant was indicted, convicted, and sentenced in the lower court, under section 809, D. C. Code, for the crime of having, on November 27, 1926, willfully and feloniously caused and produced a miscarriage of one Edna K. Steinbrucker, a pregnant woman, by the use of certain instruments upon her person, which acts were not necessary to preserve her life and health, nor done under the direction of a competent licensed practitioner of medicine.

The government first introduced the testimony of Edna K. Steinbrucker and of one Jolliffe, by whom she was with child, and who has since married her. Their testimony was to the effect that in November, 1926, they went together to the house of the defendant, an elderly colored woman, in the District of Columbia, and there by agreement for the price of $30 the defendant undertook to produce a miscarriage of the witness, who was then about 2 months with child; that accordingly the defendant used certain instruments upon her person, and directed her to return again soon; that two such treatments were afterwards had by the defendant upon the witness, and that about 10 days thereafter she suffered a miscarriage; that, when the parties were leaving defendant's house after the last visit, they were stopped and questioned by Police Officer Berry. The defendant's counsel upon cross-examination asked the witness Jolliffe whether he had been indicted for his part in the transaction; also whether he had been promised immunity if he testified for the prosecution in the case. The court sustained an objection interposed by the government to these questions, and exceptions were taken. We may say at once that we think the ruling was not an abuse of discretion by the trial court. The defendant's counsel contend that it was error to admit evidence concerning three treatments by defendant,

when only one was charged in the indictment. The answer to this is that the three treatments, taken together, and their joint result, constituted the crime with which the defendant was charged. There was, therefore, no error in the admission of this evidence. Testimony was introduced by the government to the effect that the defendant was not a registered nurse or midwife.

 The government also called Police Officers McDuffy and Berry, who testified that they had observed numerous young white couples going into defendant's house and leaving after brief visits, and on one occasion they stopped a couple, who turned out to be Miss Steinbrucker and Jolliffe, and questioned them, and were told by them of the treatment administered by the defendant. This testimony was objected to as being hearsay, but the objection was overruled, and exception taken. We think this was not prejudicial error, in view of the fact that the jury heard the testimony of Miss Steinbrucker and Jolliffe as witnesses upon the same subject. It could not, therefore, substantially prejudice the defendant to have the police officers state to the jury that they had been told the same story by the same witnesses. The officers testified that they went to defendant's house, and took possession of various instruments alleged to have been used by defendant in the case, and these were identified and exhibited to the jury. They also testified that several white people in the house declared that they were there for similar treatments. Objections and exceptions were taken by the defense to this testimony, but the witnesses stated that defendant was standing within 10 feet of them when the statements were made, and it may be inferred that she was within hearing distance of them.

In addition to the foregoing testimony, a written statement, signed by the defendant, specifically confessing the crime charged in the indictment, was introduced in evidence by the prosecution. No question was made as to the voluntary character of the confession, and it was admitted without objection or exception. In the confession defendant stated that she had been "doing this work on women" for the past 15 years.

On the part of the defendant, testimony was introduced favorable to her good reputation for peace and good order, and the defendant herself testified that she had treated the prosecuting witness for leucorrhea. The defendant admitted the ownership of the various articles exhibited by the prosecution as the implements used in such treatments.

We do not find any substantial error to the prejudice of the defendant in the rulings of the lower court in relation to the admission or rejection of evidence.

█ At the trial below the defendant's counsel submitted to the trial court certain written instructions, with the request that they be delivered in charge to the jury. Certain of the instructions were read by the court to the jury, and others were denied. Exceptions were taken by the defense to the denials, and these are assigned as error. We cannot review these exceptions, for the reason that the general charge of the court to the jury is not contained in the record, and non constat but that the substance of the rejected requests may have been given to the jury by the trial court in the general charge. There was no exception taken by defendant's counsel to the general charge of the court, and this court is bound to assume that the charge fully and correctly instructed the jury upon the law of the case.

The judgment of the lower court is affirmed.