### EDENFIELD v. UNITED STATES.
### No. 9417.

Circuit Court of Appeals, Fifth Circuit.
June 24, 1940.

R. Earl Camp, of Dublin, Ga., for appellant.

J. Saxton Daniel, U. S. Atty., and Dunbar Harrison, Asst. U. S. Atty., both of Savannah, Ga., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

Appellant, Wallace Edenfield, was convicted on an indictment charging him with unlawfully possessing seventy gallons of tax unpaid whiskey and was sentenced to serve two years in a penitentiary. The only error urged is that the evidence was not sufficient to sustain the conviction. No motion for a directed verdict of acquittal was made.

The entire evidence before the jury is in the record, which is certified to by the judge. Two revenue agents testified and their testimony is practically identical. Their evidence, in substance, was as follows: On July 14, 1938, about 11:30 at night three revenue agents were making an investigation about four miles west of Stillmore in Emmanuel County and noticed a Ford automobile standing near the road in front of a residence. Two of the agents got out of their car and went to the automobile. As they approached they were hailed by Edenfield who asked what they were looking for. They asked if he had any whiskey and he said no, that the house was his father-in-law's home, that he was in Savannah, that there was no one in the home and that they could search anywhere they wanted. Two of them searched the residence. Nobody except Edenfield was there. They found eight ten gallon kegs containing 70 gallons of moonshine whiskey, which was unstamped. In the room with the liquor were a lighted lamp and a siphon, which was wet, in one of the kegs. Edenfield stated, after the whiskey was found that it was not his and he did not know anything about it. The back cushion was out of the automobile and there was some kind of grain spilled in the automobile, which looked like rye but which was not positively identified.

Edenfield testified in his own behalf and said he had been hauling chicken feed in the car and the grain in the car had spilled out of the sacks; that his wife had a poultry farm with about eight or nine hundred chickens. She had rented the residence for her father and mother and had given them about sixty-five chickens. On the night the liquor was discovered he came home about 11 o'clock. His wife and her mother were in bed and his wife told him to go over to her father's house as the dogs were barking and she thought some one was after the chickens. He had just arrived when the officers came up and had not been in the house that night or for some time; that he knew nothing about the liquor and it was not his.

Edenfield lived about 300 yards from his father-in-law's residence. Perkins, Edenfield's father-in-law, testified that he knew the kegs were in his house but he did not know they contained whiskey. They were brought there by a man named Jones on the night of July 7 or 8 and Jones said he wanted to leave them until his truck was fixed. He told Jones to put it in the next room and he left the next morning for Savannah. That Edenfield knew nothing about the kegs.

The above was all the evidence as to the possession or ownership of the liquor. We find nothing in the record tending to show in the slightest degree that Edenfield was guilty. On appeal we are required to decide the case, without reference to technical errors, according to the rights of the parties. 28 U.S.C.A. § 391. It is the general rule that unless a motion to direct a verdict is made, an appellate court will not consider the evidence in a criminal case. However, where there is no evidence at all to support the conviction error is apparent and it is our duty to reverse the judgment. Wiborg v. United States, 163 U.S. 632, 16 S.Ct. 1127, 41 L. Ed. 289; Clyatt v. United States, 197 U.S. 207, 25 S.Ct. 429, 49 L.Ed. 726.

The judgment is reversed and the case is remanded. Since appellant was unable to give bail and is serving the sentence the mandate will issue and be sent down at once.