## QUALLS v. UNITED STATES.

### No. 11280.

Circuit Court of Appeals, Fifth Circuit.

July 5, 1945.

---

[1] 49 Stat. 449, 29 U.S.C.A. § 151 et seq.

[2] 28 U.S.C.A. § 41(8).

892

J. F. Kemp, of Atlanta, Ga., for appellant.

M. Neil Andrews, U. S. Atty., and Jas. T. Manning, Asst. U. S. Atty., both of Atlanta, Ga., for appellee.

Before SIBLEY, HUTCHESON, and LEE, Circuit Judges.

SIBLEY, Circuit Judge.

Appellant was found guilty and sentenced for a violation of the Mann Act, § 2, 18 U.S.C.A. § 398. On this appeal the only error argued is that the evidence did not authorize conviction. No motion for a directed verdict of acquittal was made, so the error, if any, is that of the jury. A federal appellate court ordinarily does not review the action of the jury, but only that of the judge. We might dispose of this case on that ground. But we have the power to reverse an unwarranted conviction though the lack of evidence was not ruled upon by the trial judge. Edenfield v. United States, 5 Cir., 112 F.2d 931.

The appellant did not testify. The account given by the girl involved is uncontradicted and corroborated in some points by others. She was an uneducated girl of sixteen years living in North Carolina with her mother and stepfather. The appellant, a man of reputable family, having a wife and three children; told her and her stepfather he was engaged in work for the United States Navy at Atlanta, Georgia, and needed immediately in that work more girls; that he had secured five at Bryson City and Franklin, N. C., and was to pick them up in his automobile that afternoon, and wished one more, and desired this girl to go too. He stated that her work would not require education, and that she would be paid $37.50 per week and $40 later if she succeeded in her work, and would live with the other girls at a rooming house in Atlanta. Her mother and stepfather on these representations let her go. At Bryson City and Franklin, about nightfall, appellant stopped and reported at one place that the girls had backed out, and at the other that they had gone ahead. These two travelled on alone. Appellant attempted familiarities with the girl, and asked her to have sexual intercourse with him. She told him she had never done such a thing and was not that kind of a girl. He persisted unsuccessfully. Crossing into Georgia they reached Cornelia and he proposed to get two rooms at the hotel. Then he said he could get but one. She refused to share it. He promised to let her alone and she finally got into bed and he lay upon the covers and did not bother her. They reached Atlanta in the morning and appellant again asked her to go to a hotel room and do what he wanted. She refused, and asked to be taken to the girls' rooming house and given her job. He said her job depended on her doing what he wanted. She asked to be sent home. A policewoman in the station overheard some of the conversation and arrested them. The girl was sent home and the appellant delivered into federal custody, this prosecution ensuing.

It is argued that the real object of the trip was legitimate and the sexual aspect incidental and not contemplated as the purpose of the transportation of the girl. This was proper to be argued to the jury, but there was no evidence that appellant in truth was recruiting Navy workers at all, that he had arranged to pick up any other girls at Bryson City and Franklin, or had any job in Atlanta for this girl. In Atlanta he told her he was working in Florida, and tried to get her to go on there with him. The jury were warranted in thinking he purposed from the beginning to do just what he did do, and that he transported and caused to be transported in interstate commerce this girl for the purpose of having her engage in debauchery with him. This is within the very language of the Act, and the fact that she did not know his purpose when she agreed to go and successfully evaded it afterwards does not erase appellant's offense, completed by transporting her from North Carolina into Georgia

with the purpose stated. Mitigating circumstances, if any, were no doubt considered in sentencing.

Judgment affirmed.