## STRICKLAND v. UNITED STATES.

### No. 11537.

Circuit Court of Appeals, Fifth Circuit.

April 24, 1946.

Cyrus R. Lewis, of Dothan, Ala., for appellant.

E. Burns Parker, U. S. Atty., and Hartwell Davis, Asst. U. S. Atty., both of Montgomery, Ala., for appellee.

Before HOLMES, McCORD, and LEE, Circuit Judges.

McCORD, Circuit Judge.

Dan Strickland was indicted on three counts of an indictment for violating certain sections of the Internal Revenue Code making it unlawful to transport, conceal, deposit, etc., distilled spirits on which the tax had not been paid. Internal Revenue, Code, Sections 2913, 2803(a) (g), and 3321, 26 U.S.C.A. Int.Rev.Code, §§ 2913, 2803(a, g), 3321. The jury returned a verdict finding the defendant guilty and the court imposed a sentence of fifteen months in the Federal penitentiary.

The only question raised on appeal was that the evidence was not sufficient to support the verdict of the jury.

Only one witness testified for the Government and his evidence is circumstantial. This witness testified that between midnight and 2:30 a. m. he was on the lookout for violators of the Revenue Law; that a car passed him and he chased it for three or four miles. Only one person was in the car and he was unable to identify him. The automobile finally ran into an embankment and when the officer came up with it he found that it contained twenty gallons of liquor upon which the Federal tax had not been paid. He also found in the automobile a package that was addressed to Dan Strickland and a bottle of medicine that Strickland had procured the afternoon before the capture of the automobile. The officer ascertained that the car in question was the property of Dan Strickland and he immediately went to the home of the defendant, which was some fifteen miles away from where the car was found and seized, and he arrived at the Strickland home about fifteen minutes before four o'clock and was informed by the defendant's wife that he was not at home.

The evidence for the defendant showed that he left his automobile at his home about 9 o'clock in the evening and sometime after he left home that night some one had stolen his car; that the defendant with his brother and two other men who were not related to him went out fox hunting on

that night, and each of the three parties hunting with defendant testified that Strickland was with them on the fox hunt at the time his automobile was seized by the officer. It was further shown that the hunt continued practically all night and that Dan Strickland went with his brother to return a dog which they had borrowed. The three witnesses corroborated the testimony of the defendant that he was out hunting with them and neither of these witnesses was contradicted or impeached, save by the officer who chased the car.

■ The rule in such cases as the one before us is that the inferences that may be drawn from the evidence must not only be consistent with guilt but inconsistent with every reasonable hypothesis of innocence. Kassin v. United States, 5 Cir., 87 F.2d 183.

■ When the facts of this case are carefully considered and weighed, it becomes patent that they do not measure to the guilt of defendant.

■ While it is the general rule that unless a motion to direct a verdict was made, an appellate court will not consider the evidence in a criminal case, nevertheless, where there is not sufficient evidence to support the conviction and error is apparent, then it becomes the duty of the court to reverse the judgment. Wiborg v. United States, 163 U.S. 632, 16 S.Ct. 1127, 1197, 41 L.Ed. 289; Hemphill v. United States, 312 U.S. 657, 61 S.Ct. 729, 85 L.Ed. 1106; Benson v. United States, 5 Cir., 112 F.2d 422; Edenfield v. United States, 5 Cir., 112 F.2d 931, 932.

Reversed and remanded.