## CANTRELL v. UNITED STATES.
### No. 11707.

Circuit Court of Appeals, Fifth Circuit.
Dec. 23, 1946.

J. F. Kemp and J. M. Johnson, both of Atlanta, Ga., and Forrest C. Oates, Jr., of Cedartown, Ga., for appellant.

M. Neil Andrews, U. S. Atty., and Jas. T. Manning, Asst. U. S. Atty., both of Atlanta, Ga., for appellee.

Before HUTCHESON, McCORD, and LEE, Circuit Judges.

McCORD, Circuit Judge.

Roy O. Cantrell was convicted on Counts 1, 2, 4, and 5 of a five-count indictment charging him and others with violations of the Internal Revenue Laws pertaining to the unlawful manufacture, possession and concealment of distilled spirits. Cantrell has appealed contending that the evidence was insufficient to support the verdict of the jury.

Counts 1 and 2 charged Cantrell and others with possession of an unregistered distillery and a quantity of liquor on which tax had not been paid. Evidence bearing on these counts reveals that on the night of February 7, 1946, officers raided a still on Treat Mountain in Polk County, Georgia. They apprehended one of the operators of the still and found approximately thirty-six gallons of non-tax-paid whiskey at the still and along a pathway leading from the still yard to the public road. Cantrell was not seen at the still, but after the raid one of the officers met Cantrell walking along the pathway from the road to the still. Cantrell gave the officer a false name and denied having an automobile. Cantrell's automobile was found parked in the public road near the pathway, but search by the officers disclosed no trace of whiskey or whiskey making materials in or about the car. There is no other evidence which tends to connect Cantrell with the operation of the still or possession of the whiskey found at the still and along the pathway.

Cantrell explained his presence in the vicinity by testifying that he was going along the public road on an errand to deliver a message concerning some sick children for a Mrs. Price. (Mrs. Price and one other witness corroborated Cantrell's story concerning the message about the sick children.) Cantrell said that as he was traveling along the road he heard a noise in the woods, and thinking it was the Price boys out hunting, stopped and went into the woods. He denied any knowledge of the still and whiskey found by the officers.

The presence of Cantrell in the vicinity of the still and along the pathway leading to the public road, was not enough, standing alone, to support a verdict of guilty on the first two counts of the indictment. "The rule in such cases * * * is that the inferences that may be drawn from the evidence must not only be consistent with guilt but inconsistent with every reasonable hypothesis of innocence." Strickland v. United States, 5 Cir., 155 F.2d 167, 168; Kassin v. United States, 5 Cir., 87 F.2d 183.

Counts 4 and 5 of the indictment charge Cantrell and one Chandler with possession and concealment of two and one-

quarter gallons of non-tax-paid whiskey. The evidence shows that on the night of February 13, 1946, six days after the Treat Mountain incident covered in Counts 1 and 2, officers came upon Cantrell and Chandler in an automobile parked along a public road. The lights on the parked automobile were burning, and the officers saw Chandler throw a jug onto the bank of the road. When the officers reached the parked automobile, they searched along the side of the road and found the jug, one-half full of whiskey, and also found four one-half gallon jugs of whiskey in a sack in the honeysuckle vines  Cantrell denied all knowledge concerning the liquor, but the jury, as it had the right to do, disbelieved him and believed the testimony of the officers. As to Counts 4 and 5 the evidence of Cantrell's guilt is clear and convincing and is abundantly sufficient to support the verdict of conviction on these counts.

The judgment of conviction on Counts 1 and 2 is reversed because of the insufficiency of the evidence to support the verdict.

The evidence supports the verdict of conviction on Counts 4 and 5 and, no reversible error appearing, the judgment on these counts is affirmed.