## MOORE v. UNITED STATES.
### No. 11867.

Circuit Court of Appeals, Fifth Circuit.
May 19. 1947.

Writ of Certiorari Denied June 16, 1947.
See 67 S.Ct. 1746.

John A. Jenkins, of Birmingham, Ala., for appellant.

John D. Hill, U. S. Atty., of Birmingham, Ala., for appellee.

Before HUTCHESON, McCORD, and WALLER, Circuit Judges.

PER CURIAM.

Indicted on five counts charging violation of sections of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, §§ 2810, 2831, 2833, 2834, relating to liquor and distilled spirits, defendant was acquitted on Counts one, two and three, and convicted and sentenced on Counts four and five, charging possession of a still and carrying on the business of a distiller. Here on a record which contains neither motion for a directed verdict nor any objections or exceptions taken in the course of the trial, appellant seeks a reversal on the ground that the record shows that a manifest miscarriage of justice has occurred. It may not be doubted that while normally a defendant may not claim a reversal except for error duly saved and assigned, this court has the power to reverse, notwithstanding no objection was made and no exception taken, where justice requires, Dillingham v. United States, 5 Cir., 76 F.2d 36; Strickland v. United States, 5 Cir., 155 F.2d 167. But this does not mean that the appellate court will retry the case as a jury would and determine the guilt or innocence of the defendant for itself. "We are not triers of fact." Hargrove v. United States, 5 Cir., 139 F.2d 1014. When a defendant is convicted, as appellant here was, on a fair charge and on a trial containing no objections or exceptions to its course and conduct, only the strongest kind of showing that justice has miscarried will avail him. The record is brief, the testimony in what was said and done and in its implications is clear, simple and direct, and it certainly cannot be said that it was a manifest miscarriage of justice to convict upon its showing. No reversible error appearing, the judgment is affirmed.