**UNITED STATES v. KELLY et al.**
**Cr. No. 1551.**

United States District Court,
District of Columbia.
March 9, 1954.

16. See cases cited footnotes 3 & 10, supra.

Leo A. Rover, U. S. Atty., E. Reilly Casey, Asst. U. S. Atty., Washington, D. C., for plaintiff.

Charles E. Ford, Washington, D. C., for defendant Kelly.

Thurman L. Dodson, Washington, D. C., for defendant Washington.

LAWS, Chief Judge.

Defendants were convicted by jury of committing an unnatural and perverted practice with each other in violation of the District of Columbia Code, § 22-3502. At the conclusion of the prosecution's evidence, defendants moved for judgment of acquittal which the Court took under advisement under Rule 29(b) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. After their conviction, defendants renewed their motions for judgment of acquittal and in the alternative moved for new trial.

■■ On a motion for judgment of acquittal, the Court must determine whether upon the evidence, giving full effect to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of facts, a reasonable mind might fairly conclude guilt beyond a reasonable doubt. Battle v. United States, 1953, 92 U.S.App.D.C. 220, 206 F.2d 440. Since a conviction or acquittal for the offense alleged in an indictment is a bar to prosecution for a lesser offense upon which defendants could have been convicted as a part or incident of the crime charged, Ex parte Nielsen, 1889, 131 U.S. 176, 9 S.Ct. 672, 33 L.Ed. 118, the Court must consider whether the evidence justifies a verdict of guilty not only as to the crime charged, but also as to lesser offenses that may be included in the crime.

■ Under the statute providing for conviction for an attempt to commit

any crime, D.C.Code, § 22–103, defendants may be convicted of an attempt to commit sodomy under the indictment alleging commission of the crime. Cf. State v. Fenner, 1914, 166 N.C. 247, 80 S.E. 970. Mindful of the admonition that testimony asserting sodomy must be subjected to the most careful scrutiny, Kelly v. United States, 1952, 90 U.S.App.D.C. 125, 194 F.2d 150, the Court is of opinion the evidence fully justified a verdict of attempted sodomy. No question of identity is raised. The acts of preparation, including the wearing of a rubber prophylactic, clearly evinces the criminal intent. Unlike the facts in Hammond v. United States, 1942, 75 U.S.App.D.C. 397, 127 F.2d 752, both defendants were completely unclothed, the room was dark and otherwise unoccupied, and, as evidence of carrying out the carnal purpose going beyond mere preparation and tending to accomplish the commission of the crime, there was testimony defendants were so close together, back to front, that it was impossible to observe whether the act was completed.

■ Although there was some conflict in the testimony of the eyewitnesses offered by the prosecution, approaching the evidence from a standpoint most favorable to the Government, and assuming the truth of the evidence adduced in support of the indictment, United States v. Robinson, D.C.D.C. 1947, 71 F.Supp. 9, upon the evidence a reasonable mind might fairly conclude guilt beyond a reasonable doubt of attempt to commit sodomy. Defendants' motion for judgment of acquittal will accordingly be denied.

■ In passing upon a motion for a new trial, a different test is applied than on a motion for judgment of acquittal. If the verdict is contrary to the weight of the evidence and a miscarriage of justice may have resulted, a new trial may be granted, United States v. Robinson, supra; the weight of the evidence must support the verdict as to the crime pronounced, not merely as to

lesser offenses that may be included in the verdict.

■ It is clear the confession of defendant Washington is not alone sufficient to support the conviction, since "* * * (1) there can be no conviction of an accused person in a criminal case upon an uncorroborated extrajudicial confession; (2) such corroboration is not sufficient if it tends merely to support the confession with also embracing substantial evidence touching and tending to prove each of the main elements or constituent parts of the corpus delicti; (3) however, such corroborating evidence need not, independent of the confession, establish the corpus delicti beyond a reasonable doubt; (4) if there is substantial evidence of the corpus delicti independent of the confession, and the two, together, are convincing beyond a reasonable doubt of a defendant's guilt, that is sufficient." Ercoli v. United States, 1942, 76 U.S.App.D.C. 360, 362–363, 131 F.2d 354, 356–357; George v. United States, 1942, 75 U.S.App.D.C. 197, 125 F.2d 559; Forte v. United States, 1937, 68 App.D.C. 111, 94 F.2d 236, 127 A.L.R. 1120. The evidence independent of the confession must first be considered to determine whether the corpus delicti is established.

■ The gist of the offense of sodomy, and an essential element in its proof, is penetration. State v. Fenner, supra; Almendaris v. State, Tex.Cr. App.1903, 73 S.W. 1055. Under the statute, any penetration, however slight, is sufficient to complete the crime; proof of emission is not necessary. D.C.Code, § 22–3502(b).

■ Undoubtedly the essential elements of an offense may be proved by circumstances and inferences, George v. United States, supra, and circumstantial evidence may be sufficient in itself to prove an accused is guilty as charged, Ercoli v. United States, supra. Accordingly, it has been held in several jurisdictions that the condition, position and proximity of defendants, as testified to

by eyewitnesses, afford sufficient evidence of penetration to warrant a sodomy verdict; since it is very seldom that penetration can be observed in cases involving sex offenses, it must generally be proven by facts and circumstances. Commonwealth v. Bowes, 1950, 166 Pa. Super. 625, 74 A.2d 795; Commonwealth v. Donahue, 1939, 136 Pa.Super. 306, 7 A.2d 13; State v. Crayton, 1908, 138 Iowa 502, 116 N.W. 597. Cf. Tarrant v. State, 1915, 12 Ala.App. 172, 67 So. 626; Almendaris v. State, supra.

▆▆▆▆▆▆ However, if the evidence in a prosecution for this type of crime is equally susceptible of a construction that only an attempt was made as that the crime charged was completed, a conviction of the crime charged cannot stand. State v. Swane, 1944, 21 Wash.2d 772, 153 P.2d 311. As in all criminal cases, there must be substantial evidence of facts consistent with guilt and inconsistent with every reasonable hypothesis of innocence of the crime for which convicted. Hammond v. United States, supra; United States v. McCarthy, 7 Cir., 1952, 196 F.2d 616; Johnson v. United States, 8 Cir., 1952, 195 F.2d 673; Strickland v. United States, 5 Cir., 1946, 155 F.2d 167; United States v. Laffman, 3 Cir., 1945, 152 F.2d 393; Scott v. United States, 10 Cir., 1944, 145 F.2d 405, certiorari denied 323 U.S. 801, 65 S.Ct. 561, 89 L.Ed. 639; United States v. Tatcher, 3 Cir., 1942, 131 F.2d 1002. "It is still the law that there can be no conviction of crime on circumstantial evidence unless the only possible inference to be derived from it is that of guilt. There must be evidence which forecloses and makes impossible any other conclusion." Maryland & Virginia Milk Producers Ass'n v. United States, 1951, 90 U.S.App.D.C. 14, 23, 193 F.2d 907, 917.

▆▆▆▆▆▆ After consideration of the evidence adduced at the trial of defendants, the Court is of opinion that since there was no evidence other than a confession which would tend to establish the material element of penetration, the conviction of sodomy may not stand. The

testimony that defendant Washington was wearing a prophylactic and his organ was erected is consistent with a hypothesis the act had not gone beyond preparation. The position and proximity of defendants while unclothed is consistent with the theory defendants had not gone beyond attempt. The offer to bribe the arresting officers is but a suspicious circumstance pointing to possible guilt of some offense, but not of any particular offense. Forte v. United States, supra. Admission of defendant Washington's confession of prior acts between the same parties was allowed under the well-established exception to the rule that evidence of other offenses is generally inadmissible, but is admitted in cases involving sex offenses in order to show mental disposition or passion. Bracey v. United States, 1944, 79 U.S. App.D.C. 23, 142 F.2d 85, certiorari denied 332 U.S. 762, 64 S.Ct. 1274, 88 L.Ed. 1589; Hodge v. United States, 1942, 75 U.S.App.D.C. 332, 126 F.2d 849; Dyson v. United States, D.C.Mun.App.1953, 97 A.2d 135. Such evidence is consistent with the hypothesis that the act of sodomy was not consummated. Defendants' motion for a new trial accordingly will be granted.

▆▆▆▆▆▆ Since the question will arise at a second trial, it appears appropriate at this time to determine whether statements that "I'll tell my story to my lawyer" and "I have nothing to say at this time," made by defendant Kelly to police officers while under arrest when defendant Washington's confession was read to him, may be considered an admission against Kelly of the truth of what was said. Where accusatory statements are made in defendant's presence or hearing, his silence may make admissible both the statements and his failure to deny them, whether occurring immediately following commission of the crime, McUin v. United States, 1900, 17 App.D.C. 323, or in the presence of police officers at the scene, Harrod v. United States, 1928, 58 App.D.C. 254, 29 F.2d 454, or at police headquarters, Dickerson v. United States, 1933, 62 App.D.C.

191, 65 F.2d 824, certiorari denied 290 U.S. 665, 54 S.Ct. 89, 78 L.Ed. 575. Similarly, not only silence but also an evasive answer or one unresponsive to the statement may be the basis for an inference of acquiescence. Examples are collected in 2 Wharton's Criminal Evidence, 11th Ed., § 657; Note, 115 A.L.R. 1510; Note, 80 A.L.R. 1236.

Where the accusatory statement is unequivocally denied by the accused it is not admissible against him. Skiskowski v. United States, 1946, 81 U.S. App.D.C. 274, 158 F.2d 177, certiorari denied Quinn v. United States, 330 U.S. 822, 67 S.Ct. 769, 91 L.Ed. 1273, rehearing denied 331 U.S. 870, 67 S.Ct. 1749, 91 L.Ed. 1872. While holding in that case there was no prejudicial error, the United States Court of Appeals for the District of Columbia Circuit observed, without noting Dickerson v. United States, supra, that where the defendant is under arrest it is doubtful if "silent assent" is admissible. The reply "No statement" was admitted by the trial court to indicate defendant's attitude in United States v. Peckham, D.C.D.C., 1952, 105 F.Supp. 775, but the point was not raised and therefore not decided on appeal, Peckham v. United States, D.C. Cir.1953, 210 F.2d 693, reversing.

But whatever may be the correct rule with regard to silence on the part of a defendant upon reading a statement attributing crime to him, the facts of this case present a different problem. Defendant Kelly was not silent. His statements "I'll tell my story to my lawyer" and "I have nothing to say at this time" appear to be the assertion of his legal right to refuse to talk. During an examination by the police while under arrest a defendant, usually conscious and often cautioned that anything he says may be used against him, well may be restrained from participating in a discussion of the case with police officers by a belief his interests will better be served at the time by exercising his right to remain silent. It is not reasonable to interpret an assertion of right as constituting an admission of guilt.

Kelly's refusal to comment on Washington's confession may therefore not be construed as an admission of guilt, and is not admissible in evidence against him.

On these considerations the Court is constrained to grant defendants' motion for new trial and deny their motion for judgment of acquittal.