**KNIGHT et al.**

v.

**UNITED STATES.**

**Nos. 14574 and 14860.**

United States Court of Appeals
Fifth Circuit.

June 9, 1954.

Myer Goldberg and Henry N. Peyton, Newman, Ga., for appellant.

J. Ellis Mundy, James W. Dorsey, U. S. Attys., Lamar N. Smith, Asst. U. S. Atty., Toccoa, Ga., for appellee.

Before HUTCHESON, Chief Judge, HOLMES, Circuit Judge, and WRIGHT, District Judge.

WRIGHT, District Judge.

Appellants were convicted by a jury in the Northern District of Georgia on each

of five counts charging them with (1) possession, custody and control of a still and distilling apparatus for the production of spirituous liquor in violation of 26 U.S.C. § 2810; (2) making and fermenting approximately 200 gallons of mash in violation of 26 U.S.C. § 2834; (3) possessing 4 gallons of distilled spirits in violation of 26 U.S.C. § 2803; (4) working at an unregistered distillery in violation of 26 U.S.C. § 2831; and (5) engaging in and carrying on the business of a distillery in violation of 26 U.S.C. § 2833.

While the appeal from the convictions was pending, appellants filed a motion for a new trial based on newly discovered evidence in the District Court and asked that court to request that the case be remanded and, on remand, a new trial granted. This motion was denied, and an appeal was made therefrom to this court. This court has consolidated the appeal in the main case and the appeal from the denial of the motion.

Appellants contend that the evidence is insufficient to sustain a verdict of guilty as to either defendant on any count of the indictment, that the court below erred in admitting evidence of title to a 1940 Oldsmobile owned by Mrs. Curtis Knight, that the court below erred in admitting evidence of registration of a 1940 Oldsmobile signed by Mrs. Helen Knight, and that the court below erred in overruling appellant's motion for a new trial on newly discovered evidence.

 No motion for a judgment of acquittal was made in the lower court in behalf of either defendant. Consequently, the sufficiency of the evidence on which the convictions were based is not reviewable here. Colt v. United States, 5 Cir., 160 F.2d 650; Jordan v. United States, 5 Cir., 120 F.2d 65. However, to avoid a manifest miscarriage of justice, this court does have the power to reverse a conviction notwithstanding no motion for a judgment of acquittal was made. Moore v. United States, 5 Cir., 161 F.2d 932, 933. The following brief review of the evidence will demonstrate that no manifest miscarriage of justice is involved in the conviction of these defendants.

The evidence shows that on July 17, 1952, Government Agent Satterfield, State Agent Denton and Troup County Officer Scarboro were investigating the ownership of an illegal distillery known by them to be located about 100 yards north of Hopson Road, a dirt road leading off the main highway, in Troup County, Georgia. As the officers came along Hopson Road within 100 to 125 yards of the distillery, they observed a man standing by a 1946 black Ford sedan parked in a curve in the road. This man they recognized as the defendant, Horace Knight. As the officers approached, Knight opened the hood of his car and was bending under the hood when the officers passed. The officers drove past the car and proceeded to a point about one mile up the road where they turned around. They then saw Horace Knight driving the black Ford, and, as the officers' car passed, Knight placed his hand over his face. The officers came back to the place in the road where they had seen the defendant standing by his parked car, and, upon examining the area, found fresh footprints on a pathway through the woods leading to the still.

Upon coming into view of the still, they saw two men working in the still yard. The officers then heard four or five pistol shots, at which time the two men in the still yard ran. Agent Denton ran after them, but both men escaped. One of the men was white, and Denton identified him as Curtis Knight, though he "wouldn't positively swear" who he was. Several large blocks of ice used to cool the still condenser were found at the still site.

Officers Satterfield and Scarboro returned to their car and started in the direction from which the sound of shots came. They had gone only a short distance when they again met the defendant, Horace Knight. They told him they wanted to search his car. He willingly permitted the search, and the officers found therein two pistols, some grass

rope twine similar to a specimen found at the distillery, a pair of ice tongs, and some canvas cloth, one piece of which was wet. One of the pistols was warm and, from the smell of powder, appeared to have been fired recently. There was also evidence of water on the floor of the car and in the trunk. When the defendant, Horace Knight, was asked by the officers about shooting the pistol which had a warm barrel, his reply was, "You didn't see me shoot it." Curtis Knight, in his testimony taken during the trial, admitted owning the canvas, the ice tongs, and the black Ford in which his brother was arrested.

In returning to the still an hour or two after the arrest of Horace Knight, the officers observed a car approaching on Hopson Road. The car stopped and started turning around and the officers blocked it. The defendant, Curtis Knight, was in this car. He was being driven by a negro named Arnold Jones who explained, in the presence of Curtis Knight, that when Curtis Knight saw the officers' car approach, Curtis Knight said, "This is far enough, back up and let's get out of here." Curtis Knight was thereupon placed under arrest.

On the day of, but prior to, the arrest of Horace and Curtis Knight, a white man and a negro in a black Ford sedan purchased some 400 pounds of ice from an ice company in nearby Hogansville. The ice was placed in the car on a piece of cloth of some kind. The witness from the ice company also identified the ice tongs found in the black Ford at the time of Horace Knight's arrest as similar to those he noticed were missing after the sale in question.

The witness, Brown, testified that on three or four occasions, usually about midnight, he saw cars parked around the curve of Hopson Road at the approximate place where appellant, Horace Knight, was first seen by the officers. At this point there was a wide space suitable for parking, and from this point the path led in the direction of the distillery. Two of the cars identified by Brown as being seen at this location on several occasions, a Cadillac and a 1940 Oldsmobile, were traced to the defendants, Horace Knight and Curtis Knight, respectively.

Since the evidence as briefly related above convinces this court that no manifest miscarriage of justice is involved in the conviction of these appellants, we proceed to their second and last contention. It is that the documents showing Mrs. Curtis Knight's ownership of the grey 1940 Oldsmobile convertible, seen on occasions in the still area, were improperly admitted in evidence. Appellants assert these documents "were completely irrelevant and immaterial to the issues in this case and in no way does said evidence connect this defendant with the still."

At the times the Oldsmobile was seen at the still by the witness, Brown, no notation was made of its license number or motor number. Brown did testify, however, that it was the only 1940 Oldsmobile convertible in the area around Hogansville and that it had a ragged top. He positively identified the Oldsmobile which Curtis Knight and his wife traded in to an auto dealer in Hogansville as the same one he had seen on occasions at the still. In addition, Agent Scarboro testified that on occasion he had seen Curtis Knight driving the same Oldsmobile or one most similar thereto.

Under the circumstances, the evidence obviously was relevant and material to the issues on trial. While admittedly of no great probity value, it nevertheless was part of the overall mosaic of conspiratorial conduct of the defendants on which the government relied for conviction.

The defendants had a fair trial. The court's charge was complete and comprehensive, and no exceptions were taken thereto. The court charged the jury that the defendants could not be convicted on the circumstantial evidence presented unless that evidence negatived every reasonable hypothesis of innocence. Based on that charge, the jury convicted. We find no reversible error in the record, and certainly no miscarriage of justice.

702

■ The motion for a new trial on the ground of newly discovered evidence addressed itself to the sound discretion of the trial court. The case being on appeal at the time the motion was made, the trial court properly considered the motion to determine whether or not it should request this court to remand the case for disposition on the motion. Rule 33, Federal Rules of Criminal Procedure, 18 U.S.C.A. Zamloch v. United States, 9 Cir., 187 F.2d 854. The trial court, having entertained the motion, decided that a new trial should not be granted and consequently refused to request this court to remand. We do not find that the trial judge has abused his discretion in overruling the motion for a new trial.

Affirmed.