Elmer **FOWLER**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 15887.

United States Court of Appeals
Fifth Circuit.

June 15, 1956.

---

1. 26 U.S.C.A. §§ 2803(g), 3321(a).

distiller of spirituous liquors, working at an illegal distillery, and unlawfully making 600 gallons of mash fit for distillation.[1] The sole asserted ground for reversal is the insufficiency of the evidence to sustain the verdict.

The prosecution's evidence tended to show that on Saturday, April 9, 1955, at about 10:30 A. M., state revenue agents raided an illegal still in open country about two miles from Warm Springs, Georgia. They found three men and a twelve-year-old boy at the still. Two of the men were arrested, and although the third escaped, he was identified. The boy was arrested but released on the spot the same morning.

The appellant was not one of the three men found at the still, but was indicted and tried with them for violations of the liquor laws. The only evidence linking him with the still was the testimony of the boy, largely regarding the events on the day of the raid. The boy lived with his family in a house about 500 yards northeast of the still, which was accessible from the house by a foot-path. At about 7:00 A. M. on the day in question the appellant arrived there by himself in a pick-up truck. He had two cans of gasoline and a piece of drainpipe with him, all of which he and the boy placed behind a ridge. The appellant told the boy that if anybody came there looking for the appellant, to tell him that he didn't know the appellant, and hadn't seen him before. Then he left.

At about 8:00 A. M., two of the appellant's co-defendants arrived in a light green Mercury, bringing, among other things, some gasoline for the burner which heated the still. They sent the boy after a gallon bucket, a gallon jug, a keyhole saw from the car, and a twelve-gauge shotgun, which he was to fire in the air if he saw any intruders. Later in the morning, the revenue agents surprised all those present at the still and took two of the men in custody. The boy was also arrested, but set free.

Henry N. Payton, Newnan, Ga., for appellant.

James W. Dorsey, U. S. Atty., John W. Stokes, Jr., Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before TUTTLE, CAMERON and JONES, Circuit Judges.

TUTTLE, Circuit Judge.

This is an appeal from a conviction of unlawfully carrying on the business of a

---

1. In violation of 26 U.S.C.A. §§ 5606, 5681 and 5216.

About an hour after the raid, the appellant arrived again in the pick-up truck, and removed the two cans of gasoline and the piece of drainpipe which he had brought earlier. He asked the boy what he had told the officers, and warned him that he had better not know the appellant. Thereafter he visited the boy on five or six occasions, warning him each time not to know him. These warnings may have been frequent enough to constitute threats.

■ This evidence was of course wholly circumstantial in character, and if, when considered in the strongest light for the prosecution, it is still as consistent with a reasonable theory of innocence, as of guilt it should not have been submitted to the jury. Philyaw v. United States, 8 Cir., 29 F.2d 225. The incriminating character of the testimony was the appellant's presence in the vicinity of an illegal still, his warnings to the witness, and his possession of two cans of gasoline, which conceivably might have been intended as fuel for the burner. What purpose the piece of drainpipe might have served in the still operation was never explained.

It has been determined that mere presence at a still site cannot support a conviction for violation of the liquor laws relative to the still. Vick v. United States, 5 Cir., 216 F.2d 228. The same rule applies with greater force in this case, where the appellant was never even present at the still site, but only in the area, at an unidentified distance from the still. Secondly, the possession of a generally useful substance like gasoline cannot establish any greater connection with the illegal operation. See Girgenti v. United States, 3 Cir., 81 F.2d 741. Moreover, the appellant's warnings to the witness could create only a suspicion of guilt.

■■ The question here is whether the sum of these circumstantial elements can support the jury's verdict. We do not think it can. This is not a case like Carter v. United States, 5 Cir., 194 F.2d 748, where the appellant was not discovered at the still, but had been known to purchase large amounts of sugar, malt, and yeast, and where fruit jars like those used for liquor containers were found in his car. The possession of such articles made any theory of innocence extremely tenuous. The possession of gasoline, however, may be explained in so many ways consistent with innocence that it is impossible to catalog them. Moreover, the warnings, which were the strongest evidence against the appellant, created only a suspicion of guilt, even when considered with all the other evidence in the case. If the appellant had nothing to do with the still, but knew that an arrest had been made near where he had been seen, it would certainly not be unusual for him to urge the boy not to mention him. Under such circumstances, the motion for a directed verdict should have been granted.

The judgment is

Reversed.