ALTERMAN TRANSPORT LINES, Inc., Appellant,

v.

UNITED STATES of America, Appellee.

No. 16602.

United States Court of Appeals Fifth Circuit.

May 13, 1958.

Rehearing Denied Aug. 28, 1956.

George Cheren, Robert Golden, Miami, Fla., Frank B. Hand, Jr., Washington, D. C., for appellant.

E. David Rosen and Lavinia L. Redd, Asst. U. S. Attys., Miami, Fla., David H. Dantzler, Reg. Atty., Interstate Commerce Commission, Atlanta, Ga., James L. Guilmartin, U. S. Atty. for Southern District of Florida, Miami, Fla., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and BROWN, Circuit Judges.

TUTTLE, Circuit Judge.

This is an appeal from the judgment of conviction by the trial court on one count of an information in a jury-waived case of violation of 49 U.S.C.A. § 322(g) relating to the wilful filing of a false report to the Interstate Commerce Commission. This section of the statute provides as follows:

"Any motor carrier * * * who shall * * * knowingly and wilfully file with the Commission any false report, account, record * * * shall be deemed guilty of a misdemeanor * * *."

The criminal proceedings were commenced by the filing of an information against the appellant, Count 20 of which in essential part alleged:

"Alterman Transport Lines, Inc. * * * did knowingly and wilfully *make and prepare for filing* with said Commission such a report for the month of February, 1955, falsely showing thereon that during said month no driver employed by it drove and operated a vehicle in excess of the hours prescribed in said regulations, when in truth and in fact, as defendant well knew, it required and permitted drivers in its employ operating motor vehicles in interstate commerce to remain on duty and to drive and operate motor vehicles in excess of the hours prescribed by said regulations, etc."

To this information appellant filed its motion to dismiss on the ground that: "Each of said counts fails to set forth facts sufficient to constitute an offense against the United States of America."

The trial court overruled this motion in the same order by which it overruled a motion for bill of particulars. The case

went to trial and the court found the appellant guilty on Count 20.

Both parties were apparently so intent on the technical aspects of the relationship which results from a trip-lease arrangement in which a certificated carrier "leases" a truck with its driver for the making of a single trip from its independent owner that neither of them nor the court noticed that the information fails completely to charge an offense under the statute. The information does not allege that Alterman Transportation Lines, Inc. *filed* a report *with the Commission.* It alleges simply that Alterman "did knowingly and wilfully make and *prepare for filing* with said Commissions such a report * * *."

■ The evidence disclosed without dispute that appellant did actually file a report which the Government then undertook to prove was false. Neither by any assignment of error nor by specification in the brief has appellant here complained of the error of the trial court in overruling its motion to dismiss the information. It is, of course, not necessary for an appellant in a criminal case to make an assignment of errors in the record, 18 U.S.C.A., rule 37(a) (1) F.R. Crim.P. It is prescribed by Rule 24(2) (b) of this Court, 28 U.S.C.A., relating to the brief of an appellant, that:

"2. This brief shall contain * * *

"(b) A specification of the errors relied upon, which shall set out separately and particularly each error asserted and intended to be urged. Errors not specified according to this rule will be disregarded; but the court, at its option, may notice a plain error not specified."

■ This is not a case in which a defective information or indictment may be deemed to be waived if not timely objected to. The appellant did timely and properly attack the sufficiency of the information by filing its motion to dismiss each of the twenty counts as failing "to set forth facts sufficient to constitute an offense against the United States." This motion was overruled and the case proceeded to trial. No further notice or assignment needed to be taken of record to preserve the point on appeal, other than the rule of this Court which requires that the brief specify the grounds to be argued.

■ We think the failure of the information to allege that this appellant *filed* the false report in question and the fact that it alleged only *that appellant made and prepared it for filing* is fatal to the government's case. The trial court erred in overruling the motion to dismiss and the error is obviously "plain" enough under our rules for us to "notice" it, though not "specified in the brief."

The judgment is reversed and the cause remanded with directions that the information be dismissed.

HUTCHESON, Chief Judge (specially concurring in the result).

I, of course, agree with the view of the majority that if timely and effectively challenged below on the ground taken by the court in its opinion, the information could not stand. I cannot, however, agree that upon this record the omission from the information now challenged ex mero motu by the court is of the fundamental and prejudicial character ascribed to it by the court. This is that the error in respect of it has survived, (1) the failure of defendant to urge it below in a specific attack upon the information or by objecting to the reception of the evidence; (2) the verdict and judgment; (3) the failure to object to it on the motion for new trial; and (4) the submission on appeal without making the point in brief or argument.[1]

---

1. Cf. Rule 52, Federal Rules Criminal Procedure; Grimsley v. United States, 5 Cir., 50 F.2d 509 and the dissenting and concurring opinions; Sutton v. United States, 5 Cir., 157 F.2d 661, 662, and the dissenting and concurring opinions; Edenfield v. United States, 5 Cir., 112 F.2d 931; United States v. Norton, 2 Cir., 179 F.2d 527; United States v. O'Brien, 7 Cir., 174 F.2d 341; Rolland v. United States, 5 Cir., 200 F.2d 678.

This is especially so since the information was in twenty counts, nineteen charging knowingly permitting and requiring different drivers to remain on duty for a longer time than allowed by law, and the twentieth, the one in question here, charging the making of a false statement, while the motion to dismiss, directed to each of the counts stated only, "Each of said counts fails to set forth facts sufficient to constitute an offense." Thus the attention of the United States was not called to the omission in the information, and it was not afforded opportunity to correct it.

I concur in the judgment of reversal, however, because I think it perfectly plain: that, for the errors assigned by defendant, its motion for a directed verdict should have been granted; and the judgment should be reversed with directions to acquit the defendant.