**Raymond L. E. SMITH, Appellant,**
v.
**UNITED STATES of America, Appellee.**
**No. 17827.**

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 22, 1964.

Decided Dec. 10, 1964.

---

■■■■■■■■■■

Mr. Theodore E. Lombard, Washington, D. C. (appointed by this court), for appellant.

Mr. Henry H. Jones, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker and Victor W. Caputy, Asst. U. S. Attys., were on the brief, for appellee.

Before BAZELON, Chief Judge, and BURGER and WRIGHT, Circuit Judges.

## PER CURIAM.

■ Appellant was convicted of robbery. 22 D.C.CODE § 2901 (1961). His primary contention on appeal relates to the sufficiency of the evidence. We have examined the entire record. We conclude that there is sufficient evidence to support the jury finding of guilty.

Appellant also contends that it was plain error for the court to admit evidence of the complaining witness' extra-judicial identification of appellant. The complaining witness testified, on direct examination, that he had identified the appellant during a police lineup held several days after the robbery. A police officer who was present during the line-up also testified, on direct examination, to the identification made by the complaining witness.

In some jurisdictions, evidence of an extra-judicial identification is inadmissible, except when the circumstances would justify admitting any prior consistent statement made by a witness.[1] Other authorities suggest that such evidence may be admitted more freely.[2] In prior cases we have not reached the question of admissibility of such evidence but held merely that its admission in the circumstances of those cases did not prejudice the defendant. Williams v. United States, 119 U.S.App.D.C. ——, 338 F.2d 530 (1964); Baber v. United States, 116 U.S.App.D.C. 358, 324 F.2d 390 (1963), cert. denied, 376 U.S. 972, 84 S.Ct. 1139, 12 L.Ed.2d 86 (1964); Harrod v. United States, 58 App.D.C. 254, 29 F.2d 454 (1928); Leeper v. United States, 117 U.S.App.D.C. 310, 329 F.2d 878, cert. denied, 377 U.S. 959, 84 S.Ct. 1641, 12 L.Ed.2d 502 (1964).

■ In this case, the evidence was admitted without objection by defense counsel. In the circumstances of this case, we find no "[p]lain errors or defects affecting substantial rights." Rule 52(b), FED.R.CRIM.P.

Affirmed.

1. Poole v. United States, 9 Cir., 97 F.2d 423 (1938); Trimble v. State, 227 Ark. 867, 302 S.W.2d 83 (1957); People v. Cioffi, 1 N.Y.2d 70, 150 N.Y.S.2d 192, 133 N.E.2d 703 (1956); People v. Trowbridge, 305 N.Y. 471, 113 N.E.2d 841 (1953); People v. Hagedorny, 272 App. Div. 830, 70 N.Y.S.2d 511 (1947); Thompson v. State, 223 Ind. 39, 58 N.E. 2d 112 (1944). See generally, *Comment,* 19 MD.L.REV. 201 (1959); see also 109 U.PA.L.REV. 1182 (1961); 36 MINN.L. REV. 530 (1952).

2. *E.g.,* United States v. Forzano, 2 Cir., 190 F.2d 687 (1951) (to corroborate unimpeached courtroom identification); Bolling v. United States, 4 Cir., 18 F.2d 863 (1927) (same); 4 WIGMORE, EVIDENCE § 1130, p. 208 (3d ed. 1940) (same); *cf.* MCCORMICK, EVIDENCE § 49, pp. 109–110 (1954) (state may show rape prosecutrix' complaint made within reasonable time of alleged act even absent impeachment). See also People v. Spinello, 303 N.Y. 193, 101 N.E.2d 457 (1951) (witness' testimony to own prior identification of accused admissible substantively for any purpose); Uniform Rule of Evidence 63(1), HANDBOOK OF THE NATIONAL CONFERENCE OF COMMISSIONERS ON UNIFORM STATE LAWS 197 (1953) (hearsay declaration admissible substantively if declarant present and subject to cross-examination); MCCORMICK, *supra,* § 39 (same); Rule 503, AMERICAN LAW INSTITUTE, MODEL CODE OF EVIDENCE 231 (1942) (hearsay declaration admissible substantively if declarant unavailable as witness or present and subject to cross-examination).