Harold Franklin SMITH and Aubrey Lee
Crumley, Appellants,

v.

UNITED STATES of America,
Appellee.

No. 22157.

United States Court of Appeals
Fifth Circuit.

April 1, 1966.

Certiorari Denied June 6, 1966.
See 86 S.Ct. 1862.

Robert B. Thompson, Gainesville, Ga.,
for appellants.

· Gary B. Blasingame, Asst. U. S. Atty.,
Tyrus R. Atkinson, Jr., Asst. U. S. Atty.,

Macon, Ga., Floyd M. Buford, U. S. Atty.,
Edward A. Davis, Asst. U. S. Atty., Herbert C. Swigert, Attorney, Internal Revenue Service, of counsel on brief, for appellee.

Before BROWN and COLEMAN, Circuit Judges, and GARZA, District Judge.

PER CURIAM.

Petitioners urge that in its opinion of February 3, 1966, this Court overlooked certain contentions and previous decisions.

As to the identification of Crumley by the deputy tax collector as the man who bought a license plate which later appeared on a truck delivering raw materials to the distillery in question, Petitioner Crumley contends that it lacked probative value.

The identification of Crumley on direct examination was weakened somewhat when the witness stated on cross-examination that although Crumley certainly resembled the man, he was seen only one time for a few minutes and the witness declined to positively identify him. This testimony merely presented questions of weight and credibility, and cannot be said to be devoid of probative value when considered with the other evidence in the case.

Petitioners re-urge four cases decided by this Court in support of the allegation that the evidence was insufficient to support these convictions, particularly as to Crumley. McFarland v. United States, 5 Cir. 1960, 273 F.2d 417; Fowler v. United States, 5 Cir. 1956, 234 F.2d 697; Matthews et al. v. United States, 5 Cir. 1949, 177 F.2d 278; and Cantrell v. United States, 5 Cir. 1946, 158 F.2d 517.

In McFarland, we affirmed a conviction on a stronger case than that presented here, and approved a charge of the trial court that "mere presence at the scene of an unlawful distillery with nothing more doesn't constitute possession." Fowler and Cantrell stand for the same proposition, and in Matthews there was no evidence of defendant's presence. These three cases were reversed for a

**696**

complete lack of evidence to warrant verdicts of guilty, and none of them compel reversal here.

Aside from the identification of Crumley previously referred to, the evidence showed that he was driving a car which contained sugar and bran remnants and fruit jar labels toward the still when he sighted an agent's car and attempted to flee before he was arrested. This presents a much stronger case than those showing no more than mere presence at or approach to a still location and a reasonable explanation therefor.

Petitioners re-urge their contention that the charge was erroneous in part and the jury was free to apply either the correct or incorrect principle on aiding and abetting. This position is without merit, and we reiterate that the instructions as a whole were complete and substantially correct, and could not have confused the jury.

The petition for rehearing is denied.