LUTHER M. O'BRIEN, Plaintiff in Error,

*v.*

STATE OF TENNESSEE, Defendant in Error.

426 S.W.2d 507.

(*Jackson,* April Term, 1967.)

Opinion filed March 29, 1968.

HUGH W. STANTON, JR., Assistant Public Defender, Memphis, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, and THOMAS E. Fox, Deputy Attorney General, Nashville, for defendant in error; PHIL M. CANALE, JR., District Attorney General, Memphis, prosecuted the case in the trial court.

MR. JUSTICE DYER delivered the opinion of the Court.

The plaintiff in error, Luther M. O'Brien, appeals from a conviction of concealing stolen property of the value of $6.00. In this opinion plaintiff in error will be referred to as defendant.

On January 29, 1966, there was a burglary of the Handy Andy Grocery in Memphis, Tennessee, and among other things several express money orders were taken.

On February 23, 1966, the custom agents at Laredo, Texas, acting on a tip in regard to narcotics stopped the car bearing Mississippi license as it entered this country from Mexico. This car was being driven by one, Pat Sinclair, and defendant was a passenger. The custom agents searched the car and the person of the two occupants finding no narcotics, but on the person of Sinclair they found some twenty money orders, several of which were made out to defendant. Upon inquiry by the agents in regard to these money orders, Sinclair, in the presence of defendant, stated he had obtained them from the defendant. The agents then asked defendant if the money orders belonged to him. Defendant, in response to this question, did not deny the statement made by Sinclair, but stated to the agents he did not care to make any statement. Upon the trial the custom agent was allowed to testify in regard to these facts, particularly that defendent did not deny Sinclair's statement, and the admission of this evidence is the issue here on appeal.

As a general rule, when a statement tending to incriminate one is made in his presence and hearing, and such statement is not denied or contradicted, both the statement and the fact of his failure to deny are admissible as evidence of his acquiescence in its truth. The theory behind this rule is that an innocent man would naturally and promptly deny any untrue accusation made in his presence by another if he does not intend to admit it. 29 Am.Jur.2d., Evidence, Section 638.

The case of *Phelan v. State,* 114 Tenn. 483, 88 S.W. 1040 (1904), deals at length with the admissibility of such evidence. The Court in this case stated such evidence should be received with great caution.

The case of *United States v. Kelly,* D.C., 119 F.Supp. 217 (1954), is very similar to the case at bar and in this case the court reasons as follows:

> Since the question will arise at a second trial, it appears appropriate at this time to determine whether statements that "I'll tell my story to my lawyer" and "I have nothing to say at this time," made by defendant Kelly to police officers while under arrest when defendant Washington's confession was read to him, may be considered an admission against Kelly of the truth of what was said. Where accusatory statements are made in defendant's presence or hearing, his silence may make admissible both the statements and his failure to deny them, whether occurring immediately following commission of the crime, *McUin v. United States,* 1900, 17 App.D.C. 323, or in the presence of police officers at the scene, *Harrod v. United States,* 1928, 58 App.D.C. 254, 29 F.2d 454, or at police headquarters, *Dickerson v. United States,* 1933, 62 App.D.C. 191, 65 F.2d 824, cert. denied 290 U.S. 665, 54 S.Ct. 89, 78 L.Ed. 575.

\*     \*     \*     \*     \*     \*

But whatever may be the correct rule with regard to silence on the part of a defendant upon reading a statement attributing crime to him, the facts of this case present a different problem. Defendant Kelly was not silent. His statements "I'll tell my story to my lawyer" and "I have nothing to say at this time" appear to be the assertion of his legal right to refuse to talk. During an examination by police while under arrest a defendant, usually conscious and often cautioned that anything

he says may be used against him, well may be restrained from participating in a discussion of the case with police officers by a belief his interest will better be served at the time by exercising his right to remain silent. It is not reasonable to interpret an assertion of right as constituting an admission of guilt. Kelly's refusal to comment on Washington's confession may therefore not be construed as an admission of guilt, and is not admissible in evidence against him. 119 F.Supp. at 221-222.

In the case at bar, defendant upon hearing Sinclair's accusation against him did not remain silent, but said he had rather not make a statement. On defendant's part this was an assertion of a legal right to remain silent and it would not be reasonable to interpret such as an admission of guilt. Admission of this evidence was in error and under the facts of this case requires reversal of the judgment.

The judgment is reversed and the cause remanded for a new trial.

BURNETT, CHIEF JUSTICE, and CHATTIN, CRESON and HUMPHREYS, JUSTICES, concur.