The **UNITED STATES**
v.
**Talmadge Hilton OGLE.**
**Crim. No. 15204.**

United States District Court
S. D. Alabama, S. D.
March 7, 1969.

itself to the sound discretion of the trial court.  Knight v. United States, 213 F.2d 699 (5th Cir. 1954).

■ If an appeal is pending, as is the case here, the court may grant such a motion only on remand of the case.  Rule 33, F.R.Cr.P., Knight v. United States, *supra*.

Having decided that a new trial should not be granted on the grounds set out in defendant's motion, this court refuses to request that the case be remanded.

It is therefore ordered, adjudged and decreed that the motion for new trial pending appeal be, and the same is, hereby denied.

Vernol R. Jansen, Jr., U. S. Atty., Mobile, Ala., for plaintiff.

Robert A. Beckerle, Mobile, Ala., for defendant.

### ORDER

PITTMAN, District Judge.

Defendant was tried and convicted on June 17, 1968, for a violation of Title 18, U.S.C., Section 2312.  He was sentenced on June 24, 1968.  On June 28, 1968, he filed notice of appeal which appeal is still pending.  Defendant filed a "Motion for New Trial Pending Appeal" on February 19, 1969.  The motion is based on alleged newly discovered evidence, to wit, a claim that the vehicle allegedly transported by the defendant was not a 1962 Studebaker Lark automobile, but was in fact a 1961 Studebaker Lark.

■ The petition does not aver facts which reasonably show why this information was not discovered until after the trial nor who would so testify.  The motor vehicle was described by a vehicle identification number as well as by year model.  The allegation is insufficient to inform the court as to how this fact, if proved, would warrant a new trial.

■ A motion for a new trial based on newly discovered evidence addresses