### CARTER v. UNITED STATES.
#### No. 13733.

United States Court of Appeals,
Fifth Circuit.

March 6, 1952.

James R. Venable, Atlanta, Ga., for appellant.

J. Ellis Mundy, U. S. Atty., Lamar N. Smith, Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before SIBLEY, RUSSELL and RIVES, Circuit Judges.

PER CURIAM.

Appellant Willie L. Carter, his father Floyd Carter, a brother Albert Carter and Coy Lowman were by indictment charged in four counts with: 1, conspiracy with one another and others to violate laws of the United States relating to the illicit manufacture and possession of distilled spirits; 2, possessing a distilling apparatus set up without registration; 3, with possession of 281 gallons of such spirits in unstamped containers; and 4, with carrying on the business of distillers with intent to defraud the United States of the tax. The jury acquitted the father, found Albert Carter and Coy Lowman guilty on count 1, and appellant guilty on counts 1 and 4. He was sentenced to a single term of imprisonment, and appeals. He insists on but one error, that the court did not sustain his motion for a verdict of acquittal as to him.

Appellant lived in Atlanta, apparently in fair prosperity. His father's home was fifty miles or more to the north in the mountains. Revenue officers found and destroyed an illicit distillery to the rear of the father's home, and 281 gallons of distilled liquor in unstamped containers. Albert Carter and Coy Lowman were working at the distillery, and there appears to be no doubt of their guilt. The question is whether appellant was carrying on the business and conspiring with the others to do what was done. The officers had been shadowing appellant Willie Carter for several weeks in Atlanta, where he had been seen to buy for cash and haul away on six occasions within a month a hundred and twenty one one-hundred-pound sacks of sugar of a certain brand, seven hundred pounds of malt, and a fifty pound carton of yeast; all useful in making liquor. He was seen several times on the roads to the north, at night, going towards his father's house; once in a car heavily loaded with something covered with a blanket. When the distillery was raided a car which he had frequently driven and apparently owned was found in an outhouse at his father's home with some fruit jars in it like those which contained some of the liquor, and remnants of sugar of the same brand as appellant was buying in Atlanta, and like that used at the distillery. The evidence against appellant was wholly circumstantial, but we have not stated it in full detail. Appellant and members of his family denied some of the circumstances, and some they sought to explain. Lowman did not testify.

We recognize that the circumstances, in order to justify conviction, must not only consist with the theory of guilt but also be inconsistent with any reasonable theory of innocence. The theory of guilt was that appellant, living in the city where materials could be bought and whisky sold, and having as he himself testified made considerable money in conducting a gambling racket called "the bug", and having acquired besides his home two or three motor vehicles, was cooperating in this distillery enterprise by furnishing money and materials and containers. What the truth is as to his conduct, on which the sharp conflict in the evidence occurs, is of course for the jury. If they resolved the conflict in favor of the testimony of the officers, and believed further that appellant had resorted to falsehood in his testimony, they might regard that as another circumstance indicating guilt. What the circumstances truly were and what they prove were questions for the jury. The court did not err in leaving them to the judgment of the jurors.

Judgment affirmed.