Sanford **RAMSEY**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 13248.

United States Court of Appeals
Sixth Circuit.

Oct. 18, 1957.

William E. Badgett, Knoxville, Tenn., for appellant.

James M. Meek, Knoxville, Tenn., John C. Crawford, Jr., Knoxville, Tenn., on brief, for appellee.

Before SIMONS, Chief Judge, and MARTIN and McALLISTER, Circuit Judges.

MARTIN, Circuit Judge.

The grand jury in the Eastern District of Tennessee returned an eight-count indictment against appellant, Sanford Ramsey, and his son, Charles Sanders Ramsey (known as "Sonny" Ramsey), charging violation of various sections of the Internal Revenue Code relating to the illicit distillation of alcohol and to the possession and concealment of liquor on which the taxes imposed by the internal revenue laws of the United States had not been paid. The father and son were tried separately. The latter was tried first by the court, jury trial having been waived. After hearing the evidence, the court overruled a motion to suppress, found the son guilty as charged, and reserved sentence pending the later trial of the father.

The father, Sanford Ramsey, was found guilty by verdict of a jury and was sentenced to total imprisonment of 40 months, with minimum statutory fines. His motion for judgment of acquittal was overruled, as was, likewise, a motion for a new trial.

Appellant charges that the district court erred in denying his motion for acquittal at the conclusion of all the evidence and that the trial court also erred in declining to charge the jury, as requested by appellant's attorney, that the jury could not guess or conjecture with respect to the evidence. However, at the conclusion of the charge to the jury, appellant's attorney stated that he had no objection to any part of the charge, which had made it crystal clear that the defendant (appellant) could not be convicted except upon evidence establishing his guilt beyond a reasonable doubt. The court emphasized that conviction could not rest upon circumstantial evidence, except where "the circumstances relied upon * * * point so un-

erringly to the guilt of the accused as to exclude every other reasonable hypothesis other than that of his guilt."

The conviction of appellant was based upon the testimony of three witnesses, two of whom [Griffin and Petre] were investigators for the Alcohol Tax Unit and the third [Murr] was an employee of an electric system. The evidence revealed that the officers, Griffin and Petre, were armed with a lawful warrant to search the residence of Charles ("Sonny") Ramsey [son of appellant] which consisted of an old two-story unpainted frame dwelling of about six rooms, located in Cocke County, Tennessee. When the search warrant was executed, the officers discovered in the basement of that dwelling house three stills: one 1,000 gallon copper-pot still; and two 500 gallon copper-pot stills. They also found three gallons of untax-paid moonshine whiskey, 500 gallons of sugarmeal mash, 500 pounds of granulated sugar, flake stands, copper coils, connections, pressure tank burners, and miscellaneous distilling apparatus.

The basement, in which the apparatus and the mash and untax-stamped liquor were found, was made of concrete block construction and could be entered only by a small trap door, about two feet square. Nearby the old house, separated by only about ten or twelve steps, was a small three-room house occupied by appellant, who had formerly occupied the old, six-room house in the basement of which the stills were located. Between the two houses was a small concrete block pumphouse, or well, with an electric pump. A length of hose ran from the basement up through the floor. It was coiled up when found; but, when extended, it reached exactly to the faucet of the well pump and connected with the still. The water supplied to both houses came from the well. Both houses and the well, or pumphouse, were enclosed by a common fence. Appellant had lived in the house in which the stills were found up to the time the small house was built some two and a-half or three years prior to the finding of the stills.

When the officers arrived, the wife of appellant was washing clothes with an electric machine on the back porch of the old house. Shortly after the location of the distillery, appellant entered the old house, followed by his young daughter. Evidently he had been shaving, for he still had lather on his face when he appeared. He asked to be shown the search warrant and was given a copy of it. The officers estimated that the cost of the stills "would run around $1,000, or more," and stated that the apparatus appeared to have been in use for a considerable length of time. They asserted that the odor of fermenting mash was so strong that it could be smelled easily from the small house and probably for a distance of 75 to 100 yards. They found numerous papers in the old house pertaining to building materials, construction blocks, lumber, and the like "in the name of Sanford Ramsey." Appellant told the investigators, following his arrest, that both houses and the farm on which they were located belonged to his invalid mother, who lived in Knoxville. Appellant's son Charles ("Sonny"), was 19 years old, unmarried, attended school and helped his father on the farm.

The electric-system employee testified that there was one electric meter measuring the electricity supplied both houses; and that the meter was registered in the name of appellant Sanford Ramsey and not in the name of his son. He stated that he had seen appellant in the electric company's office a number of times and that, to his knowledge, on one occasion when the employee was acting as clerk, the appellant had paid the bill for electricity.

We regard the circumstantial evidence summarized as sufficiently substantial to support the verdict of the jury finding appellant guilty as charged. On review, it is, of course, unnecessary that a federal appellate court should find from the evidence of record that the defendant had been proven guilty beyond a reasonable doubt. That is a criterion to be applied by the jury; and, where

the jury's verdict has been upheld by the trial judge, the reviewing court should not set up its judgment against that of the jury and the trial court, except where there is no substantial evidence to support the verdict. Such is not the case here.

The judgment of the district court is affirmed.