---

---

Barksdale, Hudgins & Osborn, Nashville, Tenn., for appellant.

Z. T. Osborn, Jr., Nashville, Tenn., Fred W. Elledge, Jr., and Andrew M. Gant, Jr., U. S. Attys., Nashville, Tenn., for appellee.

Before ALLEN, Chief Judge, MILLER, Circuit Judge, and THORNTON, District Judge.

PER CURIAM.

The appellant, and his wife, Lorine Chadwell, were found guilty by a jury in the District Court for the Middle District of Tennessee, Nashville Division, on a 3-count indictment charging them with having possession, custody and control of a still and distilling apparatus for the production of alcohol; with carrying on the business of a distillery without legal authority; and with illegally fermenting mash for distillation. The wife was placed on probation and is not a party to this appeal. The appellant's motion for a new trial was overruled, and his contention here is that the evidence was insufficient to support his conviction.

The conviction of appellant was based upon testimony that was almost completely circumstantial, and is substantially as follows:

That in April of 1956 the appellant owned and lived on a farm on the north

**Elmer G. CHADWELL, Appellant,**

v.

**UNITED STATES of America,**
Appellee.

No. 13493.

United States Court of Appeals
Sixth Circuit.

Oct. 29, 1958.

side of a country road in Davidson County, Tennessee. Diagonally across the road from his home, and directly across the road from his farm, was a 14 acre tract owned by a Mr. Fred Brewington. This property was sold by Mr. Brewington on April 20, 1956, and he understood that he was selling it to Mr. and Mrs. Chadwell, the defendants below. However, he executed the deed as it was presented to him by his real estate agent, and the proof developed that under this deed Mrs. Chadwell, alone, was the owner of the property. At the time of this sale, the house on the Brewington property was vacant, and a small barn at the rear of the property had not been completed. Between the date of the deed and July 4, 1956, the barn was completed, electricity and water lines were connected to it, the water meter was registered in the name of appellant, and a 900-gallon distillery was moved in and placed in operation. At the time of the trial, nearly a year later, the electric meter was still in the name of appellant, and there was testimony to the effect that the application for the installation of the electric meter had been telephoned in to the company, the company not knowing who made the call. Although the deed to the property was in the name of the wife, both the appellant and his counsel, during the course of the trial, repeatedly referred to the property as that of the appellant. At the time of the raid and arrests on July 4, 1956, the house in front of the small barn was vacant, and the growth of weeds and grass around the house indicated it had not been used or occupied since the time when the grass and weeds came up in the spring. A well defined path or road ran from the main road directly to the barn, and there was no other path within 75 yards of the rear of the barn. The appellant claimed that the place had been rented to an Airman Stynes of Sewart A.F.B., but he was unable to produce him, and the Government produced witnesses who established that there was nobody by the name of Stynes

stationed at Sewart Air Force Base during the period of time involved in this occurrence.

On or about July 4, 1956, at about 8:00 A.M. the appellant noticed two men trying to cross a field on his farm alongside a fence without being seen; the men concealed themselves, but as appellant came close to them the men stood up and advised that they were Federal Alcohol Tax Unit investigators. There was further testimony that blowers were used in connection with the operation of the still and that these kerosene blowers made quite a lot of noise when in operation, sufficient to be heard between the still and Mr. Chadwell's house, and that if the wind were in the right direction a person would be able to smell mash over the same distance during the summertime with the windows open.

In Ramsey v. United States, 6 Cir., 248 F.2d 740, 741, a case in which the proofs are somewhat similar to the proofs in the instant matter, this Court, speaking through Judge Martin, stated as follows:

> "We regard the circumstantial evidence summarized as sufficiently substantial to support the verdict of the jury finding appellant guilty as charged. On review, it is, of course, unnecessary that a federal appellate court should find from the evidence of record that the defendant had been proven guilty beyond a reasonable doubt. That is a criterion to be applied by the jury; and, where the jury's verdict has been upheld by the trial judge, the reviewing court should not set up its judgment against that of the jury and the trial court, except where there is no substantial evidence to support the verdict. Such is not the case here."

We find that there was substantial evidence to support the verdict of the jury in its finding of guilt and, accordingly, the judgment of the district court is affirmed.