Iley **WILLIAMS**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 13820.

United States Court of Appeals Sixth Circuit.

Dec. 11, 1959.

Frederic T. Adler and Eugene D. Smith, Cincinnati, Ohio, for appellant.

James E. Applegate, Asst. U. S. Atty., Cincinnati, Ohio, Hugh K. Martin, U. S. Atty., Thomas Stueve, First Asst. U. S. Atty., Cincinnati, Ohio, on brief, for appellee.

Before MARTIN, MILLER and WEICK, Circuit Judges.

PER CURIAM.

Appellant was indicted, tried by jury, and found guilty of unlawfully selling 8.9 grains of heroin hydrochloride, a derivative of opium, in violation of the provisions of Sec. 4705(a), Title 26 U.S. Code.

The alleged sale was made by the appellant to the purchaser Johnson in a second floor room in a house in Cincinnati, Ohio. Johnson was under arrest on a Federal warrant at the time and had been taken to the house by a Government agent without having been taken before an available Commissioner, as required by Rule 5(a), Rules of Criminal Procedure, 18 U.S.C. At the time of the alleged sale the Government agent was concealed in a closet in the room and heard the conversation between appellant and Johnson. Johnson's wife was also in the room. When the agent came into the room from the closet Johnson

had the heroin in his hand. Upon a search of the appellant the "marked" money which had been given to Johnson by the Government agent was found in the possession of appellant.

 Appellant, relying upon McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819, and Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479, contends that it was error for the District Judge to receive in evidence testimony from the Government agent concerning the participation of the purchaser Johnson in the transaction, because Johnson had not been taken by the arresting officer without unnecessary delay before the nearest available Commissioner. A failure to take Johnson before the nearest available Commissioner without unnecessary delay would render inadmissible in a proceeding *against him* any incriminating statements *elicited from him* during the period of unlawful detention. Neither the rule nor the McNabb and Mallory cases make inadmissible testimony *from others,* otherwise admissible, in a separate criminal proceeding against a person other than the person unlawfully detained. Appellant has cited us no authority in support of his contention to the contrary.

Appellant contends that no witness saw or testified to the physical transfer of the heroin from the appellant to the purchaser Johnson and that it was possible for Johnson to have received the heroin from his wife. However, there was strong circumstantial evidence supporting the Government's contention that the sale was made by the appellant, which in our opinion was sufficient to take the case to the jury and sustain the verdict. United States v. Pinna, 7 Cir., 229 F.2d 216; Thompson v. United States, 6 Cir., 233 F.2d 317, certiorari denied, 352 U.S. 851, 77 S.Ct. 73, 1 L.Ed.2d 62; Ramsey v. United States, 6 Cir., 248 F.2d 740; Carter v. United States, 5 Cir., 194 F.2d 748; Holland v. United States, 348 U.S. 121, 139–140, 75 S.Ct. 127, 99 L.Ed. 150.

Appellant's motion to suppress the evidence and return the "marked" money which passed from the purchaser to him was properly overruled. The search of appellant was incidental to his lawful arrest. Sec. 7607, Title 26 U.S.C.; Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327; United States v. Volkell, 2 Cir., 251 F.2d 333, 335–336, certiorari denied, 356 U.S. 962, 78 S.Ct. 1000, 2 L.Ed.2d 1068.

The judgment is affirmed.