**UNITED STATES of America, Plaintiff,**

v.

**Jack Allan McADAMS, Defendant.**

**Crim. No. 68–51–E.**

United States District Court
N. D. West Virginia.
July 31, 1969.

John H. Kamlowsky, U. S. Atty., Wheeling, W. Va., for plaintiff.

Camilletti & Camilletti, Wheeling, W. Va., for defendant.

MAXWELL, Chief Judge.

This case is now before the Court on defendant's motion to dismiss an indictment charging

"On or about the period of February 1, 1967, through February 15, 1968, in the Northern Judicial District of West Virginia, JACK ALLAN McADAMS, being an officer, that is, Treasurer of the Wheeling Firemen Federal Credit Union, Wheeling, West Virginia, a Federal Credit Union, willfully and knowingly, and with intent to injure and defraud the Credit Union, did embezzle the sum of Seven Hundred Forty Seven Dollars and Eighty-two Cents ($747.82) of the moneys of the Credit Union which had come into his possession and under his care by virtue of his position as such officer; in violation of Title 18, Section 657, United States Code."

Defendant's motion to dismiss asserts:

"The Indictment fails to charge the Defendant with the commission of any offense defined and proscribed by the provisions of Title 18, United States Code, Section 657."

The statute, Section 657,[1] was amended by the Congress during the

---

1. § 657. Lending, credit and insurance institutions.

Whoever, being an officer, agent or employee of or connected in any capacity with the Reconstruction Finance Corporation, Federal Deposit Insurance Corporation, Home Owners' Loan Cor-

poration, Farm Credit Administration, Department of Housing and Urban Development, Federal Crop Insurance Corporation, Farmers' Home Corporation, the Secretary of Agriculture acting through the Farmers' Home Administration, or any land bank, inter-

period of time herein involved, but with no material language change affecting the present indictment.

The United States Attorney, in his memorandum, urging the position that the statute is clear and that the indictment is sufficient, abbreviates the statute language thus:

"Whoever, being an officer, agent or employee of or connected in any capacity with * * * any * * * credit or savings and loan corporation or association authorized or acting under the laws of the United States * * * embezzles, abstracts, purloins or willfully misapplies any monies, funds, credits, securities or other things of value belonging to such institution or pledged or otherwise entrusted to its care shall be fined not more than $5,000 or imprisoned not more than 5 years, or both. * * *"

The defense takes the position that the language of the statute, Section 657, is not sufficiently inclusive to cover the crime of embezzlement from a Federal Credit Union and, therefore, the indictment based upon the statute fails to charge the commission of any offense defined in and proscribed by the statute. The defense would trace the history of the Federal Credit Union Act from its initial enactment in 1934 to the present time and conclude that the Bureau of Federal Credit Unions is now an agency of government within the Department of Health, Education and Welfare. This is confirmed by 12 U.S.C., Section 1752a (1969).

Defendant's counsel argues that Section 657 "does not apply the crime of embezzlement to employees of a Federal Credit Union." He then lists the specific governmental agencies and activities named in the statute and would apparently concede that officers, agents and employees of these agencies and activities are covered by and included within the statute's language defining the crime of embezzlement. Next he refers to the language of the statute covering and including embezzlement by an officer, agent or employee of "any lending, mortgage, insurance, credit or savings and loan corporation or association authorized or acting under the laws of the United States." He points out that the statute does not mention Federal Credit Union or the Department of Health, Education and Welfare, *eo nomine*, and then poses the question whether the general language of the statute is sufficient to cover and include the Federal Credit Union officers, agents and employees. The position is taken that a "Federal Credit Union Corporation is, by its very nature, a most specialized and specific business corporation and any law pertaining to a Federal Credit Union Corporation would refer to it as such * * * and would not refer to it in a general and loose manner with the phraseology such as * * * proposed by the United States Attorney."

Defendant's counsel refers to a Reviser's Note included in the United States Code concerning inclusion of general language in the statute covering "any department or agency of the United States" in order to remove doubt as to the intended coverage of the en-

---

mediate credit bank, bank for cooperatives or any lending, mortgage, insurance, credit or savings and loan corporation or association authorized or acting under the laws of the United States or any institution the accounts of which are insured by the Federal Savings and Loan Insurance Corporation, or any small business investment company, and whoever, being a receiver of any such institution, or agent or employee of the receiver, embezzles, abstracts, purloins or willfully misapplies

any moneys, funds, credits, securities or other things of value belonging to such institution, or pledged or otherwise intrusted to its care, shall be fined not more than $5,000 or imprisoned not more than five years, or both; but if the amount or value embezzled, abstracted, purloined or misapplied does not exceed $100, he shall be fined not more than $1,000 or imprisoned not more than one year, or both. (As amended May 25, 1967, Pub.L. 90–19, § 24(a), 81 Stat. 27.)

actment, and then notes that such language is actually omitted from the statute. He reasons that this is further evidence the statute does not apply to Federal Credit Unions.

Defendant's position warrants examination. It is true that Federal Credit Unions and the Department of Health, Education and Welfare are not specifically mentioned in the statute. Likewise, Federal Savings and Loan Associations and the Federal Home Loan Bank Board, which charters the Federal Savings and Loan Associations (12 U.S.C., Section 1464), are not mentioned specifically in the statute. In Groves v. United States, 343 F.2d 850 (8th Cir. 1965), the court affirmed a federal savings and loan association embezzlement conviction under this statute, Section 657, despite arguments that the statute did not apply.

The Federal Credit Union may well be a "specialized and specific business corporation" but certainly not greatly more so than Federal Savings and Loan Associations. If the statute applies to officers, agents and employees of the one, it reasonably and logically applies to the other.

Defendant's reference to omission from the statute of the general inclusive language "any department or agency of the United States" is presented as a significant indication that the language is not sufficiently inclusive to cover Federal Credit Unions. Title 18 of the United States Code, relating to crimes and criminal procedures, was greatly revised in 1948, as will be noted in Chapter 645, 62 Statutes at Large 729. The Reviser's draft of Section 657, the statute here in question, was revised by the Senate. Words were stricken from the draft as unnecessary and inconsistent with other sections of the revision defining embezzlement. See Amendment 7, Senate Report No. 1620, 80th Congress. This is particularly true with reference to omission of language relating to "any department or agency of the United States."

The nature, purpose and objective of the statute, Section 657, are to reach officers, agents and employees of *institutions* specifically named and other institutions *authorized or acting under the laws of the United States.* A Federal Credit Union is an institution embraced within the language of the statute and it operates under and pursuant to laws of of the United States. 12 U.S.C., Sections 1751–1775.

The language relating to "any department or agency of the United States" was intentionally omitted from the statute. The language was unnecessary to encompass the intended reach of the statute and its inclusion would tend to confuse. Omission of the language does not impair the coverage of officers, agents and employees of Federal Credit Unions.

In United States v. Harriss, 347 U.S. 612, 74 S.Ct. 808, 98 L.Ed. 989, 996 (1954), the Supreme Court observed:

> "The constitutional requirement of definiteness is violated by a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. The underlying principle is that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed."

And in Kordel v. United States, 335 U.S. 345, 69 S.Ct. 106, 93 L.Ed. 52, 56 (1948), the Court noted:

> " * * * A criminal law is not to be read expansively to include what is not plainly embraced within the language of the statute * * * since the purpose fairly to apprise men of the boundaries of the prohibited action would then be defeated. * * * But there is no canon against using common sense in reading a criminal law, so that strained and technical constructions do not defeat its purpose by creating exceptions from or loopholes in it. * * * "

See generally 1 Wharton's Criminal Law and Procedure, Section 18 (1957); 22 C.J.S., Criminal Law, § 24(2) (1961); and 21 Am.Jur.2d, Criminal Law, Section 17 (1965).

An observation on the sufficiency of the indictment may be in order. In 4 Wharton's Criminal Law and Procedure, Section 1762 (1957), the law is thus summarized:

"The constitutional right of the accused to be informed of the nature and cause of the accusation against him requires that every material fact and essential element of the offense be charged with precision and certainty in the indictment or information. He has a substantive right to be informed by the indictment or information in simple, understandable language of the crime he is charged with and the acts constituting the crime, in sufficient detail to enable him to prepare his defense and to be protected in the event of double jeopardy, and to define the issues so that the court will be able to determine what evidence is admissible, and to pronounce judgment."

See also Hagner v. United States, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861 (1932), and 21 Am.Jur.2d, Criminal Law, Section 325 (1965).

While the motion to dismiss the indictment here considered is based primarily on the language of the statute, it is appropriate to note that the indictment clearly and adequately apprises defendant of the charges against him.

In his brief defendant mentions one federal credit union case, United States v. McCarthy, 196 F.2d 616 (7th Cir. 1952), based on an indictment under 18 U.S.C., Sections 657 and 1006, but minimizes its importance and pertinence because of government administrative control changes during the years as to Federal Credit Unions and because the specific statutory language issue he raises in the present case was not discussed in the McCarthy case. The McCarthy case was decided after the 1948 revision of Title 18 of the United States Code, including Section 657 here considered. The statute language when the McCarthy case was decided was substantially the same as the present language of the statute upon which the defendant's indictment was returned. The Court, in sustaining McCarthy's conviction, quoted the statute, Section 657, in abbreviated form much as the form employed by the Government in its memorandum in defendant's case.

While changes have been made in administrative controls over Federal Credit Unions during the intervening years and while the language issue was not affirmatively discussed in the McCarthy case, it appears that the Court did not question the sufficiency of the statute or the indictment returned thereunder and did not question whether the Federal Credit Union therein involved was a credit union or corporation or association authorized and acting under the laws of the United States. The Wheeling Firemen Federal Credit Union is admittedly such a credit union.

The indictment returned against defendant is found to be sufficient and valid and is properly based on a statute the language of which adequately and clearly covers and includes defendant's conduct as an officer of the Wheeling Firemen Federal Credit Union.

The motion to dismiss the indictment is denied and an order to that effect and filing and making this opinion a part of the record, will be entered accordingly.